IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY MCGOWAN, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:18-CV-0141-N |
| SOUTHERN METHODIST UNIVERSITY, | § § § § | |
| Defendant. | § § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Southern Methodist University's Partial Motion to Dismiss Plaintiffs' First Amended Complaint [19]. For the reasons stated below, the Court grants SMU's motion in part and denies it in part.

## I. ORIGINS OF THE DISPUTE

Plaintiffs are eight former SMU student athletes who brought suit against Defendant SMU based on hip injuries suffered while Plaintiffs were members of SMU's women-only rowing team. Plaintiffs allege that SMU discriminated against female athletes in the way it allocated its funding and resources, in violation of Title IX (20 U.S.C. § 1681). Plaintiffs further claim that SMU was negligent because it provided inferior resources to its female rowers, including incompetent coaching, substandard medical treatment, and limited access to qualified training personnel. Plaintiffs allege that such inadequate treatment and incompetent coaching caused Plaintiffs to suffer the same type of hip injury.

Defendant SMU now moves to dismiss under Rule 12(b)(6), arguing that Plaintiffs fail to state viable Title IX and negligence claims.

## II. LEGAL STANDARD

When addressing a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). To survive dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, a plaintiff must plead factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint, however, need not contain "detailed factual allegations." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

In ruling on a Rule 12(b)(6) motion, the court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). A court does not, however, accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

### III. PLAINTIFFS STATE VALID CLAIMS

In its motion to dismiss, SMU argues that Plaintiffs are not entitled to monetary damages or equitable relief under Title IX, and that Plaintiffs' claims are barred by the statute of limitations.

### A. *Plaintiffs State Sufficient Claims for Monetary Relief*

Plaintiffs state sufficient claims for monetary relief under Title IX. SMU alleges that Plaintiffs are not entitled to monetary relief because Plaintiffs failed to notify "an appropriate SMU official with authority to address Title IX concerns related to a monetary injury." Mot. to Dismiss at 5 [19]. SMU argues that when "Title IX damage actions do not involve an institution's official policy," a plaintiff must show that an official had "actual knowledge of discrimination . . . and fail[ed] to adequately respond." *Roe v. St. Louis Univ.*, 746 F.3d 874, 882 (8th Cir. 2014) (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)); *see also Salazar v. S. San Antonio Indep. Sch. Dist.*, 690 Fed. App'x 853, 858 (5th Cir. 2017) ("[L]iability under Title IX arises not from the discrimination or harassment itself but from an official decision by the recipient not to remedy the violation.") (internal quotations and citations omitted). Plaintiffs disagree, arguing that pre-litigation notice is not required here because their claims are based on SMU's failure to provide equal treatment in athletics and that the cases SMU cites involve sexual harassment and sexual abuse claims. *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 882 (5th Cir. 2000) ("[T]he requirement in the sexual harassment cases—that the academic institution have actual knowledge of the sexual harassment—is not applicable for purposes of determining whether an academic

institution intentionally discriminated on the basis of sex by denying females equal athletic opportunity."). Plaintiffs allege that because their claims involve an official policy of intentional discrimination in athletic programming, pre-litigation notice is inapplicable. *Gebser*, 524 U.S. at 290 (distinguishing claims involving an "official policy" of discrimination from those seeking to hold an institution liable for the discriminatory acts of an individual). Plaintiffs then cite multiple portions of the Amended Complaint, showing that they allege a policy of discrimination in athletic programming, including inequities in equipment, coaching, and medical and training facilities and services. See Pls.' Am. Compl. at ¶¶ 31, 39-42, 49-50, 63-69 [15]. Accordingly, the Court rejects SMU's notice argument and concludes that Plaintiffs sufficiently state a claim for monetary relief.

### B. The Court Dismisses Plaintiffs Claims for Equitable Relief

SMU next argues that Plaintiffs are not entitled to injunctive or declaratory relief under Title IX because Plaintiffs are no longer eligible to participate on the SMU rowing team. *See Pederson*, 213 F.3d at 874 (holding that in Title IX cases, a plaintiff is only entitled to equitable relief if the plaintiff would benefit from the relief sought). Plaintiffs argue, on the other hand, that the mere protractedness of litigation should not vitiate a plaintiff's capacity to vindicate the broad remedial purpose of Title IX. In support, Plaintiffs cite to *Beasley v. Alabama State Univ.*, 966 F. Supp. 1117 (M.D. Ala. 1997). In *Beasley*, the court declined to dismiss the named plaintiff's claim for injunctive relief even though her athletic eligibility had expired. *Id*. at 1127. The court reasoned that because injunctive relief would impact the welfare of other members of the putative class, injunctive relief would not

be futile. *Id.* Here, the Plaintiffs are not bringing claims on behalf of a class, making *Beasley* distinguishable. And by their own admission, none of the Plaintiffs would benefit from equitable relief, as they have all either graduated or are otherwise unable to participate on the SMU rowing team. Pls.' Resp. at 12 [22]; Am. Compl. at ¶¶ 105, 126, 152, 180, 198, 221, 241; *Pederson*, 213 F.3d at 874 (plaintiffs "have all graduated . . . render[ing] their claims for injunctive relief moot"). The Court therefore dismisses Plaintiffs' claims for equitable relief.

### C. *Plaintiffs Allege Sufficient Facts Regarding the Accrual Date*

Plaintiffs allege sufficient facts related to the accrual date and timeliness of their claims. SMU argues that Plaintiffs' negligence and Title IX claims are barred by the statute of limitations and should therefore be dismissed. The statute of limitations is an affirmative defense. And where a defendant utilizes a Rule 12(b)(6) motion to seek dismissal based on an affirmative defense "dismissal should not be granted unless the defense is established by the face of the complaint." *Lexxus Int'l, Inc. v. Loghry*, 512 F. Supp. 2d 647, 669 (N.D. Tex. 2007) (Lindsay, J.) (quoting *Hannover Life Reassurance Co. of Am. v. Baker, Lowe, Fox Ins. Mktg., Inc.*, 2001 WL 1586874, at *7 n. 10 (N.D. Tex. Dec. 10, 2001) (Fitzwater, J.)).

In this case, the statute of limitations for negligence and Title IX actions is two years. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759-60 (5th Cir. 2015) (holding that the same two-year statute of limitations that applies to negligence claims also applies to Title IX claims). It is undisputed that Plaintiffs originally filed suit on January 19, 2018. SMU therefore argues that all wrongful conduct occurring before January 19, 2016 is barred by the

statute of limitations. Mot. to Dismiss at 8. It is not clear from the face of the Amended Complaint, however, whether Plaintiffs claims are time barred. Plaintiffs, for example, cite to multiple portions of the Amended Complaint alleging acts of negligence and discrimination that continued through their graduations in May 2016 and May 2017. See Clouse Am. Compl. at ¶¶ 112-116,119-120, 124; Klein Am. Compl. at ¶¶ 152,159, 161-164,166, 169-193, 177 and 179; Severson Am. Compl. at ¶¶189-193,197; Jennings Am. Compl. at ¶¶ 227, 232, 234, 238-239; Tate Am. Compl. at ¶¶ 204, 208-213, 216-218.

Plaintiffs additionally allege that the discovery rule delayed accrual of Plaintiffs' negligence claims and that the continuing tort and continuing violation doctrines likewise apply to delay accrual of a number of Plaintiffs' other claims. The continuing tort doctrine states that a cause of action does not accrue until the defendant's tortious act ceases. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 592 (Tex. 2017). Similarly, the continuing violation doctrine stands for the proposition that if the violation does not occur at a single moment, but in a series of separate acts and if the same alleged violation was committed at the time of each act, then the limitations period begins anew with each violation. *Perez v. Laredo Junior Coll.*, 706 F.2d 731, 733-34 (5th Cir. 1983). Plaintiffs argue that all of these equitable tolling doctrines apply here.

In support of their discovery rule argument, Plaintiffs first allege that their claims did not accrue until September 2016, when Plaintiff Heyman first learned of the audit into the SMU's rowing program and SMU's subsequent failure to implement the recommended changes. Plaintiffs claim that they could not have reasonably discovered that SMU's

wrongful conduct caused their injuries, especially given the misinformation SMU provided to Plaintiffs.  Plaintiffs next allege that the continuing tort and continuing violation doctrines apply because SMU engaged in the same ongoing tortious and wrongful conduct that did not cease until Summer 2017, when SMU hired new rowing staff.  Finally, Plaintiffs allege that SMU knowingly concealed its wrongdoing by providing misleading and false information to Plaintiffs.  Pls.' Resp. at 22-23; *see, e.g.*, Am. Compl. at ¶¶ 91, 98, 130, 135, 149, 202, 226, 232, 248, 253-55, 256.  The Court concludes that Plaintiffs state sufficient facts regarding accrual of their claims and application of equitable tolling doctrines.  Accordingly, the Court denies SMU's motion because the affirmative defense of statute of limitations is not established by the face of the Plaintiffs' Amended Complaint.

## CONCLUSION

The Court grants SMU's motion to dismiss Plaintiffs' claims for equitable relief under Title IX.  The Court otherwise denies SMU's motion, but does so without prejudice to reurge those arguments at summary judgment.

Signed January 9, 2019.

_____
David C. Godbey
United States District Judge