IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY MCGOWAN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-141-N |
| | § | |
| SOUTHERN METHODIST UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Southern Methodist University's ("SMU") motion to compel [44]. For the following reasons, the Court grants in part and denies in part SMU's motion.

**I. ORIGINS OF THE DISCOVERY DISPUTE**

Plaintiffs filed suit against SMU alleging negligence and Title IX violations. More specifically, Plaintiffs allege that their participation on SMU's women's rowing team led to hip injuries, which affected and continue to affect their abilities to engage in certain activities. SMU served Plaintiffs with its first set of requests for production and interrogatories, seeking, among other requests, information regarding Plaintiffs' social media activity, their employment information, and a damages calculations. Plaintiffs objected to these requests. SMU filed its motion to compel and seeks the Court to order Plaintiffs to provide the requested information.

## II.  MOTION TO COMPEL LEGAL STANDARD

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).  A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a).  To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B).  The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).  A district court has wide discretion to supervise discovery and must limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, or if the burden or expense of the proposed discovery outweighs its potential benefit.  *See* FED. R. CIV. P. 26(b)(2)(C).

When evaluating the relevance of a request, courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant.  *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017).  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).  The Court should "balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006).

MEMORANDUM OPINION AND ORDER – PAGE 2

### III. THE COURT GRANTS IN PART AND DENIES IN PART SMU'S MOTION

First, the Court grants SMU limited access to Plaintiffs' social media accounts. Second, the Court requires Plaintiffs to provide limited employment information, and finally, the Court orders Plaintiffs to provide a damages calculation regarding medical damages.

#### A. *The Court Grants in Part SMU's Request for Plaintiffs' Social Media Information*

Social media information is usually considered discoverable and "is neither privileged nor protected by any right of privacy." *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 591 (N.D. Tex. 2016) (internal quotations and citations omitted). But courts generally do not endorse an extremely broad request for all social media site content. *Id.* For instance, "[c]ourts have held that ordering a party to permit access to or produce complete copies of his social networking site accounts would permit his opponent to cast too wide a net and sanction an inquiry into scores of quasi-personal information that would be irrelevant and non-discoverable." *Id.*

SMU submitted three requests for production, asking Plaintiffs to provide all Facebook, Instagram, and Twitter account information from the date of their enrollment at SMU to the present. Def. Southern Methodist University's Mot. Compel Pls.' Disc. Resps. Br. Supp. ("SMU's Mot.") 7 [44]. Plaintiffs objected that the requests were overly broad, unduly burdensome, irrelevant, disproportionate, and an invasion of Plaintiffs' privacy. *See* App. Supp. Def. Southern Methodist University's Mot. Compel Pls.' Disc. Resps. ("SMU's App."), Ex. F 28 [45]. But Plaintiffs later provided social media information showing Plaintiffs' engagement in physical activities. Pls.' Resp. Opp'n Def. Southern

MEMORANDUM OPINION AND ORDER – PAGE 3

Methodist University's Mot. Compel Pl.'s Disc. Resps. Br. Supp. ("Pls.' Resp.") 7–8 [47]. Yet, SMU contends that it is entitled to all social media information because Plaintiffs' allegations go beyond just the impairment of their abilities to perform physical activities. SMU's Mot. 8.

The Court determines that Plaintiffs' social media information is discoverable, but SMU is not entitled to unlimited access to Plaintiffs' social media accounts because the Court is persuaded that unfettered access is too broad. Thus, to the extent that the Plaintiffs have yet to do so, the Court requires Plaintiffs to produce posts reflecting Plaintiffs' physical activities and emotional state, but the Court does not grant SMU unlimited access to Plaintiffs' social media.

### B.  The Court Grants in Part SMU's Request for Employment Information

SMU requested that each Plaintiff return a "[s]igned authorization attached to this Request for Production, allowing SMU to obtain your employment records." Pls.' Resp. 8. Plaintiffs objected to the request as overly broad, not relevant, and not proportional to the case. *Id.* at 9. Plaintiffs contend that they do not seek lost wages and that this information was an unnecessary intrusion into Plaintiffs' professional lives. *Id.* However, SMU argues that Plaintiffs' employment information is relevant to Plaintiffs' claims that SMU's conduct affected their abilities to perform daily activities. SMU's Mot. 17.

The Court grants SMU's request in part. The Court determines that employment history is relevant, but the Court limits the scope of discoverable information. The Court orders that Plaintiffs provide SMU with each Plaintiffs' employment history, including information such as the date of employment, the employer's contact information, and a job

MEMORANDUM OPINION AND ORDER – PAGE 4

description. But the Court does not grant SMU a blanket release. If necessary, SMU can seek additional information from each employer.

### C.  The Court Grants in Part SMU's Request for a Damages Calculation

Finally, the Court grants in part SMU's request for a damages calculation. Under Federal Rule of Civil Procedure 26, the plaintiff should provide "a computation of each category of damages claimed by the disclosing party." FED. R. CIV. P. 26(a)(1)(A)(iii). SMU requested Plaintiffs provide "[a]n itemization and explanation of each category of damages Plaintiffs seek in this case, along with any documents related to or supporting such damages." SMU's Mot. 3. Plaintiffs objected to SMU's request as overly broad, unduly burdensome, seeking information that is not relevant, not proportionate to the case, not limited to the proper time, scope, or subject matter, lacking particularity, premature, and protected by privilege. *See* SMU's App., Ex. F 26–27. Later, Plaintiffs informed SMU that they needed additional discovery, including an expert report, in order to provide a proper damages calculation, and they intend to provide a computation of future care expenses in a supplemental disclosure. Pls.' Resp. 10–11; SMU's Mot. 5.

The Court determines that SMU is entitled to a limited damages calculation and grants SMU's request with respect to past medical damages only. The Court orders Plaintiffs to provide a damages calculation regarding past medical damages, and the Court requires Plaintiffs to provide full supplementation as of Plaintiffs' expert designation date.

### CONCLUSION

The Court grants SMU's motion in part. The Court orders Plaintiffs to provide limited access to their social media accounts and limited employment history.

MEMORANDUM OPINION AND ORDER – PAGE 5

Additionally, the Court requires Plaintiffs to provide a damages calculation regarding medical damages. The Court orders Plaintiffs to provide the stated discovery within thirty (30) days of this Order.

Signed May 6, 2020.

_____
David C. Godbey
United States District Judge