UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| KELLY MCGOWAN, Individually; §<br>JESSICA CLOUSE, Individually; §<br>LINDSAY HEYMAN, Individually; §<br>MEGHAN KLEIN, Individually; §<br>SYDNEY SEVERSON, Individually; §<br>REBEKAH TATE, Individually; §<br>MARISSA JENNINGS, Individually; §<br>LAUREN MOORE, Individually; §<br>LAURA KADE, Individually §<br>          §<br>          Plaintiffs, §<br>          §<br>v.         §<br>          §<br>SOUTHERN METHODIST §<br>UNIVERSITY §<br>          §<br>          Defendant. § | Case No.: 3:18-CV-00141-N |

**PLAINTIFFS' REPLY TO DEFENDANT SOUTHERN METHODIST UNIVERSITY'S RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

TO THE HONORABLE JUDGE OF THE COURT:

COME NOW, Kelly McGowan, Jessica Clouse, Lindsay Heyman, Meghan Klein, Sydney Severson, Rebekah Tate, Marissa Jennings, Lauren Moore, and Laura Kade, Plaintiffs, and file this Reply to Defendant Southern Methodist University's Response to Plaintiffs Motion for Protective Order. In support, Plaintiffs show as follows:

1

## INTRODUCTION

This motion stands in the grey intersection between Federal Rule of Civil Procedure 26e(c)(1)(E), Federal Rule of Civil Procedure 30(b)(6), and Federal Rule of Evidence 615. While it is true that an entity may designate even former employees as corporate representatives for purposes of a person most knowledgeable deposition under Rule 30(b)(6), no rule governs how an entity may do so for purposes of attending another party's deposition. The protective order Plaintiffs request is needed to both limit the impact of having an abusive party intimidate other witnesses, but also—and more importantly—to avoid giving Defendants and former SMU coach Doug Wright the opportunity to tailor Wright's testimony to address the contentions of all the witnesses. Neither of these outcomes is acceptable in a fair and just system, and neither should be allowed.

## ARGUMENT

I. **The Designation as Corporate Representative of a Previously Terminated Employee, Who is also the Central Percipient Witness for the Defendant, Smacks of Gamesmanship.**

Defendant SMU cites no authority for the proposition that a terminated employee can serve as a corporate representative outside of the FRCP 30(b)(6) context. Citing only to its "defense strategy," Defendant SMU does not explain how a "corporate representative" can be both separate from the corporation and potentially adverse to its interests (*i.e.*, assuming SMU argues that Wright stepped outside the course of his employment in using harsh or abusive coaching practices). Indeed, SMU has not designated Mr. Wright as some sort of biomechanical expert, but instead relies upon his familiarity with the factual background of the case in stating SMU's need for him to sit in these depositions. Axiomatically, percipient awareness of the historical facts of a case is the province of a *fact* witness. Having *the* central, adverse, percipient fact witness for Defendant

attend the depositions of all the Plaintiffs here serves no purpose except to allow Wright to formulate rebuttal testimony to each of the Plaintiffs' accounts prior to and in preparation for his own deposition.[1]

As noted in Plaintiffs' Motion, Federal Rule of Evidence 615 allows for exclusion of fact witnesses at trial.  Courts – and Rule 26 -- acknowledge that exclusion may apply to depositions as well. *See U.S. Equal Emp. Opportunity Comm'n v. Scolari Warehouse Markets*, No. CV 04-0229-DAE-RAM, 2007 WL 9734385, at *2 (D. Nev. Aug. 30, 2007); *Lumpkin v. Bi-Lo, Inc.*, 117 F.R.D. 451, 453 (M.D. Ga. 1987); *BCI Commc'n Sys., Inc. v. Bell Atlanticom Sys., Inc.*, 112 F.R.D. 154, 159 (N.D. Ala. 1986); *Skidmore v. Northwest Eng'g Co.*, 90 F.R.D. 75, 75-76 (S.D. Fla. 1981); *Williams v. Elec. Control Sys., Inc.*, 68 F.R.D. 703, 703 (E.D. Tenn. 1975). Even corporate representatives or "essential" witnesses otherwise exempt from sequestration under Rule 615(2) and (3) may be excluded from depositions under Rule 26(c)(5) for "good cause"—specifically where the individual is a fact witness and that person's awareness of prior testimony would allow a tailoring of the witness's later testimony.  *See In re Shell Oil Refinery*, 136 F.R.D. 615, 616-618 (E.D. La. 1991) (refusing to allow defendant to designate corporate representatives who were also fact witnesses to allow them to sit in on testimony relevant to their factual testimony and allowing them to sit outside the deposition in the event counsel needed to confer on technical matters).

Several other cases further illustrate courts' disdain for giving fact witnesses a full background on other parties' depositions under the pretext of a corporate representative

---

[1] As one court sagely noted, "[S]equestration will deny to the dishonest witness the advantage of observing the experience of other witnesses as they give their testimony on direct examination and are confronted with contradictions or evasions under cross-examination. At the least, it will make available the raw reactions and the individual recollection of each witness unaided by the stimulation of the evidence of any other witness." *Dunlap v. Reading Company*, 30 F.R.D. 129 (E.D.Pa.1962).  While Plaintiffs are not impugning Wright's honesty, the concern for fair play and honest reaction are of paramount importance in our adversarial system of justice.

designation.  In *Maryland Physician's Edge, LLC v. Behram*, No. CV DKC-17-2756, 2018 WL 3092251, at *3 (D. Md. June 22, 2018), the court expressly rejected an attempt by the defense to swap around its "corporate representative" designation among three employees where it was timed in a way to allow the next person deposed to listen to the testimony prior.  In another example, court the allowed sequestration of "corporate representatives" who were fact witnesses despite the witnesses' technical expertise, even on "somewhat conclusory" allegations, where the case was "fact intensive" because "in [the court's] experience, there is a sound basis for seeking to exclude fact witnesses from listening in on the testimony of other fact witnesses." *Cornell v. A & K Energy Conservation, Inc.*, No. 8:10-CV-393-T-30TBM , 2011 WL 13257551, at * 1-*2 (M .D. Fla. Feb. 2, 2011).Yet another case, *Dade v. Willis*, No. CIV. A. 95-6869, 1998 WL 260270, at *3 (E.D. Pa. Apr. 20, 1998), allowed sequestration of each police officer during the other defendant officers' depositions when credibility was a crucial issue in the case, despite their status as parties themselves.  And unlike the case of *Mangum v. Town of Holly Springs*, 2009 WL 10689440, at *2 (E.D.N.C. Feb. 13, 2009), which Defendant cites in favor of non-sequestration of a fact witness representative, the purported "representative" here is alleged to be the primary wrongdoer, not simply someone to whom the Plaintiffs complained.

The Plaintiffs' case here is particularly centered on the facts of Wright's coaching style and his reactions to Plaintiffs' complaints of injuries.  There is no question that Wright is no longer affiliated with the university and he is nowhere acknowledged as any type of human factors, biomechanical, or medical expert—thus belying SMU's contention that he is capable of assisting with "technical" questions.[2]  In fact, Defendant admits Wright is a "fact witness."  Response at 16

---

[2] Defendant SMU's reliance on *Longoria v. County of Dallas*, No. 3:14-cv-3111, 216 WL 728559 (N.D. Texas Feb. 24, 2016) is misplaced and misleading. *Longoria* did not involve an attempt to exclude a fact witness. There, the defendants moved to exclude the plaintiff's treating psychiatrist and retained expert from attending the plaintiff's deposition. *Id*. at *1. The psychiatrist believed that her presence at the

(Dkt. 61). As further acknowledged by Defendant SMU, Wright's input in Defendant's case is limited to confirming or denying Plaintiffs' recollection of specific training practices—something that is not aided by his immediate input or direct conferral with counsel at a deposition. *Id.* Rather, Wright's attendance at Plaintiffs depositions would provide him with an unfair background to formulate a canned response to all of the plaintiffs' complaints prior to his own deposition—all on the flimsiest of pretexts of "corporate representative" status since SMU terminated him years ago. Watching each Plaintiff testify in real time as he prepares for his own deposition will provide Wright the opportunity to create a seamless narrative to justify or deny any of his prior alleged actions as coach. It will allow him to share the information he learns with other key fact witnesses, including his two assistant rowing coaches who SMU also terminated in July 2017, as they prepare for their own depositions. This is not the "inchoate fear" claimed by Defendant SMU when citing to *United Incentives, Inc. v. Sea Gull Lighting Prod., Inc.*, but instead an obvious observation of how time and human reason work. No. CIV. A. 91-0226, 1991 WL 209018, at *1 (E.D. Pa. Oct. 7, 1991)(denying protective order barring corporate representative where deposition was to follow other corporate officer), *But see Maryland Physician's Edge, LLC*, 2018 WL 3092251 at *3 (prohibiting corporate representative designation of each subsequent employee-deponent in turn).

      For these reasons, Plaintiffs pray this Court exclude Wright from the Plaintiffs' depositions. Because of the risk of tainting his testimony, Plaintiff further pray this Court bar

---

deposition would have a calming effect on the plaintiff and would assist her in staying focused on responding to questions and telling the truth. *Id*. In contrast, the defendants maintained that questioning could not "proceed truthfully" with the psychiatrist present and that she would control or influence the plaintiff's testimony. *Id. at *2*. The court was not persuaded by the defendant's "inferences" and "conjecture" that the plaintiff would be intimidated, noting that the plaintiff intended only that that the psychiatrist would only sit silently in the room in which the deposition was occurring and not communicate with plaintiff. *Id*.

Wright from reviewing the Plaintiffs' depositions prior to his own. *See Maryland Physician's Edge, LLC*, 2018 WL 3092251, at *3 ("Counsel shall make certain that prior to testifying, neither will have the opportunity to review or otherwise be informed of the testimony given in the earlier deposition."). Without doubt, preventing a transparent manipulation of the rules for one party's benefit is indeed "good cause" to exclude Wright from all depositions save his own.

**II.   In the Alternative, Plaintiff Requests the Court Order Wright's Video and Audio Input Be Turned Off.**

If this Court does allow Wright to attend Plaintiffs' deposition, Plaintiffs requests that he not be audible or visible at all. Contrary to Defendant SMU's argument, Wright's appearance as a "small box" on the screen, does not alleviate Plaintiffs' concerns.

That "small box" is equal in size to all the boxes on a Zoom call in most instances, and Plaintiffs cannot take any affirmative steps to determine where that box will be while she is speaking. Facial expressions, scowls, scoffing, verbalizations (even when muted), and gestures can not only be disruptive, they can invoke the same power dynamic and elicit the same ingrained deference that an athlete instinctively provides to a coach. However, cutting the video and audio feed from Wright at the host level on Zoom does nothing to prevent him from observing everything Defendant contends he is there to observe, while at the same time guaranteeing that he cannot act in an intimidating manner toward Plaintiffs, even if he decides to ignore the decorum and rules of the deposition setting. Accordingly, in the event the Court finds no good cause to exclude Wright, Plaintiffs request a protective order requiring Defendant SMU to disallow Wright's use of both his audio and video at the host level during the entirety of any depositions he attends.

6

**Conclusion and Prayer**

For these reasons, Plaintiffs pray this Court issue a protective order excluding Douglas Wright from all depositions save his own or, in the alternative, issue an order that Wright's audio and video input be turned off by the host during the depositions.

Dated:  March 22, 2021                                     Respectfully submitted,

>                                         */s/ Sheila P. Haddock*
>                                         Sheila P. Haddock (#00790810)
>                                         Attorney-in-charge
>                                         sheila@zalkin.com
>                                         Alexander S. Zalkin *(pro hac vice)*
>                                         alex@zalkin.com
>                                         Irwin M. Zalkin (*pro hac vice*)
>                                         irwin@zalkin.com
>                                         Elizabeth A. Cate (*pro hac vice*)
>                                         elizabeth@zalkin.com
>                                         THE ZALKIN LAW FIRM, P.C.
>                                         10590 W. Ocean Air Drive, Suite 125
>                                         San Diego CA  92130
>                                         Telephone: (858) 259-3011
>                                         Facsimile: (858) 259-3015
>
>                                         *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

   I hereby certify that on March 22, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter.

                     THE ZALKIN LAW FIRM, P.C.
                     */s/ Sheila P. Haddock*
                     Sheila P. Haddock (#00790810)
                     sheila@zalkin.com
                     THE ZALKIN LAW FIRM, P.C.
                     10590 W. Ocean Air Drive, Suite 125
                     San Diego CA  92130
                     Telephone: (858) 259-3011
                     Facsimile: (858) 259-3015

Dated: March 22, 2021