# EXHIBIT A



2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: 214-740-8000
Fax: 214-740-8800
www.lockelord.com

Kimberly F. Williams
Direct Telephone: 214-740-8589
Direct Fax: 214-756-8589
kwilliams@lockelord.com

November 19, 2021

**VIA EMAIL: SHEILA@ZALKIN.COM**

Sheila P. Haddock
The Zalkin Law Firm
12555 High Bluff Drive, Ste. 301
San Diego, CA  92130

> Re:   *Kelly McGowan, et al. v. Southern Methodist University*, Case No**.** 3:18-CV-00141-N, pending in the United States District Court for the Northern District of Texas, Dallas Division

Dear Sheila:

This letter responds to your correspondence dated November 1, 2021.

**Documents responsive to Request Nos. 84, 100, and 104**

As you indicated, SMU objected to Request Nos. 84, 100, and 104 on FERPA grounds. However, SMU also objected to each of these requests on the grounds that they are overly broad, unduly burdensome, and seek documents that are neither relevant nor proportional to the needs of this case, and SMU stands on these objections.

More specifically, Request No. 84 seeks documents that relate to *all* medical and training services provided to *any and all* SMU varsity athletes and athletic teams by *any source* since 2009.  The breadth of this Request is incredible given that it encompasses, among other things, thousands of athletes and undoubtedly hundreds of thousands of documents, including, without limitation, records in SMU's possession related to each athlete treated by an SMU athletic trainer.  We are willing to discuss possibilities for narrowing this Request, but, at present, Plaintiffs have not justified the rationale for this broad Request, especially in light of the tremendous burden it imposes on SMU.

In addition, Request No. 100 seeks correspondence and "other documents" with SMU rowing recruits, rowers and rowing coaches about financial aid for rowers from 2009 to the present.  Plaintiffs have asserted no allegations in this case related to alleged disparities in financial aid.  For this reason, SMU stands on its objections to this Request.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

November 19, 2021
Page 2

Finally, Request No. 104 seeks documents sufficient to show which SMU athletes competed in each SMU boat during each competition in which SMU participated since 2009. Again, given the breadth of this Request and inability of Plaintiffs to demonstrate the relevance of which student-athletes competed in which SMU boat (in which hundreds of non-Plaintiff rowers rowed), SMU stands on its objections to this Request.

SMU objected and did not produce documents on the basis of these objections (in addition to its FERPA objections). As such, SMU would similarly object to any subpoena Plaintiffs may serve on SMU seeking these records.

**Documents that relate to SMU athletic teams other than the women's rowing team**

Contrary to your assertion, SMU did, in fact, assert the basis for its objections to all of the Requests identified in this section of your letter, as required by the Federal Rules of Civil Procedure. In addition to those objections, SMU went further in many instances and specifically identified the categories of documents that it *would* produce so Plaintiffs can clearly understand the substance of SMU's production. SMU has unquestionably complied with the Federal Rules of Civil Procedure in this regard.

In addition, as we have stated on several prior occasions, SMU takes the position that documents and information related to teams other than women's rowing are irrelevant because the Court dismissed Plaintiffs' claims for injunctive relief and expressly limited Plaintiffs' relief in this case to individual damages sustained by Plaintiffs (not other rowers or any other SMU athletes). For this reason, only documents related to Plaintiffs are relevant to the claims in this case, and SMU stands on its objections.

Nevertheless, to further clarify SMU's position on the Requests you have identified in this section and to try to reach a compromise as to some of these Requests, SMU's position as to each Request is as follows:

**Request No. 21** – SMU will review its records to determine if there are any documents that may be responsive to this Request.

**Request No. 22** – Plaintiffs have made no allegations that they did not receive rowing equipment while men's sports received equipment related to their sports. Rather, it appears Plaintiffs are claiming they did not receive the *correct* rowing equipment. For this reason, equipment and supplies related to other SMU sports have no relevance to Plaintiffs' claims in this case.

**Request No. 38** – SMU will review its records to determine if there are any documents that may be responsive to this Request.

**Request No. 42** – SMU will agree to produce the squad lists for each sport for the period 2010 through 2018, with student-athlete names redacted pursuant to FERPA. We note that SMU has

November 19, 2021
Page 3

already produced rowing squad lists for this time period. These squad lists will include information related to academic eligibility.

**Request No. 43** – SMU stands on its objections to this Request. Plaintiffs have made no attempt to justify the relevance of practice logs (or other documents that show which athletes attended which practices or other team activities). Plaintiffs do not allege they were denied the opportunity to participate in rowing practices and, thus, the information sought in this Request is, among other things, irrelevant.

**Request No. 68** – SMU will review its records to determine if it maintains a list of Sports Administrators for the period 2010 through 2018, and will produce such list(s), to the extent it exists. Otherwise, this Request is more appropriately phrased as an Interrogatory.

**Request No. 70** – SMU has already partially responded to this Request, because it produced coaches' curriculum vitae, to the extent such documents exist in SMU's Human Resources Department. SMU will review its records for a list of coaches and any job descriptions for coaches' positions and will produce such documents, to the extent they exist.

**Request No. 83** – SMU will review its records to determine if there are any documents identifying or describing the training rooms used by SMU student-athletes and will produce such documents, to the extent they exist.

**Request No. 85** – SMU has already partially responded to this Request because it produced athletic trainers' curriculum vitae, to the extent such documents exist in SMU's Human Resources Department. SMU will review its records to determine if it maintains a list of athletic trainers for the period 2010 through 2018, as well as job descriptions for such trainers. SMU will produce such documents, to the extent they exist.

**Request No. 86** – SMU has already partially responded to this Request, because it produced strength and conditioning coaches' curriculum vitae, to the extent such documents exist in SMU's Human Resources Department. As we previously informed you, SMU has conducted a reasonable search and determined that there are no documents in its possession, custody or control related to the strength and conditioning equipment used by SMU student-athletes. SMU will review its records to determine if it maintains a list of strength and conditioning coaches for the period 2010 through 2018, as well as job descriptions for such strength and conditioning coaches. SMU will produce such documents, to the extent they exist.

**Request No. 87** – SMU will review its records to determine if any written complaints have been submitted to certain SMU officers related to the medical, athletic training or strength and conditioning services provided by SMU and will produce any such documents, to the extent they exist. In addition, as set forth herein, SMU will produce exit summaries for the period 2010 through 2018.

November 19, 2021
Page 4

**Request No. 92** – SMU stands on its objections to this Request.  Plaintiffs have made no attempt to justify the relevance of SMU's publicity/promotion services as it relates to student-athletes.  As stated in SMU's response to this Request, Plaintiffs' allegations in this case make no reference to claims related to disparate treatment in connection with SMU's provision of publicity/promotion services, nor do Plaintiffs allege that SMU's publicity/promotion services have contributed to Plaintiffs' hip injuries.  Thus, the information sought in this Request is, among other things, irrelevant.

**Request No. 95** – SMU stands on its objections to this Request.  Plaintiffs have made no attempt to justify the relevance of documents related to recruiting.  As stated in SMU's response to this Request, Plaintiffs' allegations in this case make no reference to claims related to disparate treatment in connection with recruiting, nor do Plaintiffs allege that SMU's recruiting practices contributed to their hip injuries.  For these reasons, the information sought in this Request is, among other things, irrelevant.

**Request No. 105** – SMU stands on its objections to this Request.  Setting aside the relevance of the information sought in this Request, Plaintiffs can obtain any rules for women's intercollegiate rowing online, to the extent they exist.  Nevertheless, SMU will review its records to determine if any responsive documents exist.

**Request No. 115** – SMU will review its records and produce exit surveys submitted for each sport for the period 2010 through 2018, to the extent such documents exist, which records will be redacted to comply with FERPA.

**Request No. 116** – SMU stands on its objections to this Request.  Setting aside the relevance of the information sought in this Request, any NCAA and athletic conference manuals, by-laws, constitutions and rules are equally available to Plaintiffs online as they are to SMU.

**Documents that refer Plaintiffs to the EADA website**

SMU recognizes that the EADA data only extends through 2019 as you stated in your letter; however, because SMU has agreed only to produce documents from 2010 to 2018, the time frame encompassing Plaintiffs' rowing tenures at SMU, Plaintiffs' argument that this date range must be expanded is unpersuasive, unless the Court orders otherwise in response to Plaintiffs' pending Motion to Compel.

Again, SMU addresses the specific requests contained in this section of your letter as follows:

**Request No. 17** – SMU will agree to provide documents that identify the salaries paid to individual SMU coaches during the period 2010 through 2018, but takes the position that all other information sought in this Request is irrelevant and/or overly burdensome.  In addition, SMU notes that coaches' individual salaries are irrelevant to a Title IX analysis without Plaintiffs first showing inequitable treatment in coaching under Title IX.

November 19, 2021
Page 5

**Request No. 37** – SMU will review its records for any worksheets prepared or submitted by SMU for purposes of EADA, but only to the extent they relate to coaching, equipment or the provision of athletic training or medical services, because those are the only treatment areas about which Plaintiffs complain and allegedly suffered injuries as a result in this case.

**Request No. 41** – SMU stands on its objections to this Request. The information sought in this Request relates to participation claims, which Plaintiffs have not asserted in this lawsuit. For this reason, the information and documents sought are irrelevant. Nevertheless, SMU has agreed to produce the squad lists for each sport for the period 2010 through 2018 with student names redacted for FERPA compliance.

**Request No. 42** – As stated above, SMU will agree to produce the squad lists for each sport for the period 2010 through 2018 with student-athlete names redacted pursuant to FERPA. We note that SMU has already produced rowing squad lists. Squad lists include information related to academic eligibility.

**Request No. 49** – SMU has already produced budgets in the SMU Athletic Department's possession, custody and control related to all sports, to the extent such documents exist. Any expenditures will be reflected in the worksheets referenced in response to Request No. 37, which SMU has agreed to produced, to the extent they exist.

**Request No. 66** – SMU interprets this Request to seek documents related to SMU's coaching staff. SMU has already partially responded to this Request because it produced coaches' and strength and conditioning coaches' curriculum vitae, to the extent such documents exist in SMU's Human Resources Department. SMU will review its records for any job descriptions related to coaches' duties and will likewise produce such documents, to the extent they exist.

**Request No. 67** – SMU will review its records to determine if it maintains a list of coaches for the period 2010 through 2018, and will produce such lists, to the extent they exist. Otherwise, this Request is more appropriately phrased as an Interrogatory.

**Request No. 72** – SMU has already partially responded to this Request, because it produced coaches' (including strength and conditioning coaches') curriculum vitae, to the extent such documents exist in SMU's Human Resources Department. SMU will review its records for any job descriptions related to coaches' duties and will produce such documents, to the extent they exist. SMU agreed above to produce documents evidencing coaches' salaries, to the extent they exist.

**SMU's refusal to produce any documents in response to certain requests**

Again, contrary to your assertion, SMU did, indeed, state the basis for its objections to the Requests identified in this section of your letter. In fact, in many instances SMU went further and specifically explained the reason for its irrelevance objection (similar to how it has done

November 19, 2021
Page 6

above). For example, in Response to Request No. 94, SMU objected on relevance grounds and further clarified this objection by stating "Plaintiffs do not allege that they were denied support services as a result of their gender, nor do they allege that Defendant's provision of support services caused or contributed to Plaintiffs' hip injuries, which form the sole basis for their request for relief in this lawsuit." SMU's objections and stated bases for not producing documents responsive to these Requests could not be more clear.

Importantly, the Advisory Committee Notes to Rule 34 of the Federal Rules of Civil Procedure state that SMU need not provide a detailed description or log of all documents it has withheld in response to Plaintiffs' Requests. SMU has alerted Plaintiff to the fact that it has withheld documents pursuant to its objections and explanations for same, which is sufficient to comply with the Federal Rules of Civil Procedure.

On the other hand, Plaintiffs have listed a laundry list of Requests to which SMU refused to produce documents without even attempting to justify their rationale for seeking such information, which they cannot do given that their claims are limited to coaching, equipment and athletic training/medical services. In seeking to compel this volume of requests unrelated to Plaintiffs' claims, Plaintiffs are clearly on a fishing expedition, especially as it relates to their Title IX claims. This case is not the equivalent of a Title IX audit, where all of this information would be sought and analyzed for compliance. Rather, this is lawsuit in which Plaintiffs' discovery requests are governed by their claims. As such, Plaintiffs' voluminous audit-like requests are inappropriate.

For the avoidance of any doubt and further confusion, SMU restates or clarifies below its positions as to the Requests contained in this section of your letter:

**Request Nos. 23, 24, 26, 28, 29, 30, 44, 45, 52, 53, 54, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 69, 71, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 90, 91, 94, 96, 97, 98, 99 –** SMU stands on its objections to these Requests. SMU clearly explained its bases for its objections in its responses to each of these Requests and further explained that each of the Requests seek information wholly unrelated to any of Plaintiffs' claims in this lawsuit. SMU's explanations need not be repeated here.

**Request No. 18 –** SMU stands on its objections to this Request, because it seeks the production of documents that are outside of the temporal scope for which SMU has agreed to produce documents. Nevertheless, it is clear that Plaintiffs already have a copy of the 2009 Self Study, because several of their Requests are based on direct quotes from the document. As such, this Request should no longer be an issue.

**Request No. 20 –** SMU stands on its objections to this Request, because it seeks the production of documents used to create the 2009 Self Study, which, as stated above, is outside of the temporal scope for which SMU has agreed to produce documents. It is axiomatic that documents related to or relied upon in creating the 2009 Self Study would, likewise, fall outside of the 2010-2018 temporal scope to which SMU has agreed.

November 19, 2021
Page 7

**Request No. 25** – SMU will review its records for any documents reflecting corrective actions SMU took in connection with coaching as a result of the 2009 Self Study and will produce such documents, to the extent they exist.

**Request No. 31** – SMU reiterates its objections to, among other things, the breadth of this Request, as well as to the meaning of "gender issues." Nevertheless, SMU will review its records to determine if any documents exist pertaining to programs designed to address "gender issues" as a result of the 2009 Self Study.

**Request Nos. 44, 45** – SMU stands on its objections to these Requests because Plaintiffs assert no allegations in this case related to alleged disparities in financial aid. Nevertheless, SMU has agreed above to produce squad lists for all sports for the period 2010 through 2018 (redacted for FERPA), which documents contain information related to scholarship awards. Moreover, as previously stated, the EADA reports provide information related to total aid provided to male and female athletes for each year.

**Request No. 52** – SMU interprets "supplies" as synonymous with "equipment" in the Title IX context. As such, SMU stands on its objections to this Request. Plaintiffs have made no argument that they did not receive equipment or supplies while men's sports did. Rather, it appears Plaintiffs are claiming they did not receive the *correct* rowing equipment and supplies. For this reason, equipment and supplies related to other SMU sports have no relevance to Plaintiffs' claims in this case.

**Request Nos. 57, 58** – SMU stands on its objections to these Requests. Plaintiffs have asserted no allegations that they were denied the opportunity to attend or participate in rowing competitions. For this reason, the information and documents sought are irrelevant.

**Request No. 60** – SMU stands on its objections to this Request. Plaintiffs have asserted no complaints regarding the level of rowing competitions scheduled during their SMU tenures. For this reason, the information and documents sought are irrelevant.

**Request Nos. 63, 64, 65** – SMU stands on its objections to these Requests. Plaintiffs have made no allegations that they were denied the opportunity to travel to rowing practices or competitions based on squad size. For this reason, the information and documents sought are irrelevant.

**Request Nos. 109, 110** – SMU stands on its objections to these Requests. Plaintiffs have made no attempt to justify the relevance of documents related to NCAA clearinghouse documents or "NCAA athletic eligibility documents" (which phrase is vague, in and of itself), both of which appear to relate to whether athletes are academically eligible to participate in athletics. Plaintiffs have made no claims in this case related to participation and, thus, such documents, to the extent they exist, are irrelevant. Nevertheless, SMU has agreed to produce the squad lists for each sport for the period 2010 through 2018 (redacted for FERPA compliance) and such squad lists contain information related to academic eligibility.

November 19, 2021
Page 8

**Request Nos. 111, 113** – SMU stands on its objections to these Requests. Plaintiffs have asserted no allegations claiming they were not provided the opportunity to participate in rowing or that they were cut from the rowing team because of squad size (or any other reason). For this reason, the information and documents sought are irrelevant.

As always, we are happy to have a telephone conference to discuss these issues further in an effort to avoid the necessity of Court intervention. Please let us know when you are available for such call.

In the meantime, should you have any questions, please advise.

Very truly yours,

Kimberly F. Williams