**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KELLY McGOWAN, Individually**<br>**JESSICA CLOUSE, Individually**<br>**LINDSAY HEYMAN, Individually**<br>**MEGHAN KLEIN, Individually**<br>**SYDNEY SEVERSON, Individually**<br>**REBEKAH TATE, Individually**<br>**MARISSA JENNINGS, Individually**<br>**LAUREN MOORE, Individually, and**<br>**LAURA KADE, Individually,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SOUTHERN METHODIST UNIVERSITY,**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO.: 3:18-CV-00141-N** |

---

**DEFENDANT SOUTHERN METHODIST UNIVERSITY'S MEMORANDUM IN SUPPORT OF BILL OF COSTS**

---

Kimberly F. Williams
**O'MELVENY & MEYERS LLP**
2501 N. Harwood Street, 17th Floor
Dallas, Texas 75201

Robin G. Shaughnessy
Jennifer M. McCoy
Aaron S. Nava
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201

**ATTORNEYS FOR DEFENDANT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........ ii

INDEX OF AUTHORITIES ........ iii

I. INTRODUCTION ........ 1

II. BILL OF COSTS ........ 2

III. LEGAL STANDARD ........ 2

IV. ITEMIZATION ........ 3

A. Deposition Transcripts and Video Recordings ........ 3

B. Fees for Exemplification and Copies ........ 13

V. CONCLUSION ........ 19

# INDEX OF AUTHORITIES

**Page(s)**

**CASES**

*Allstate Ins. Co. v. Plambeck*,
66 F. Supp. 3d 782 (N.D. Tex. 2014) ....................4

*Brown v. McGraw-Hill Cos., Inc.*,
526 F. Supp. 2d 950 (N.D. Iowa 2007)....................14

*Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*,
854 F.2d 219 (7th Cir. 1988) ....................2

*Fast Memory Erase, LLC v. Intel Corp.*,
423 F. App'x 991 (Fed. Cir. 2011) ....................13

*Fast Memory Erase, LLC v. Spansion, Inc.*,
No. 10-cv-048, 2010 WL 5093945 (N.D. Tex. Nov. 10, 2010) ....................13

*Hoeeler v. Eaton Corp.*,
149 F.3d 621 (7th Cir. 1998) ....................3

*United States ex rel King v. Solvay Pharms., Inc.*,
871 F.3d 318 (5th Cir. 2017) ....................14

*United States ex rel. King v. Solvay S.A.*,
No. 06-cv-2662, 2016 WL 3523873 (S.D. Tex. June 28, 2016)....................14

*Leal v. Magic Touch Up, Inc.*,
No. 16-cv-00662, 2019 WL 162885 (N.D. Tex. Jan. 9, 2019)....................4

*U.S. ex rel. Long v. GSDMIdea City, L.L.C.*,
807 F.3d 125 (5th Cir. 2015) ....................4, 13

*Meisner v. State*,
No. 3:97-CV-2616-G, 2000 WL 1693981 (N.D. Tex. Nov. 9, 2000) ....................3

*Rundus v. City of Dallas*,
No. 3-06-CV-1823-BD, 2009 WL 3614519 (N.D. Tex. Nov. 2, 2009) ....................14

*Schwarz v. Folloder*,
767 F.2d 125 (5th Cir. 1985) ....................2

*Segner as Tr. of PR Liquidating Tr. v. Ruthven Oil & Gas, LLC*,
No. 12-cv-1318, 2020 WL 230617 (N.D. Tex. Jan. 14, 2020)....................3

*Sheets v. Yamaha U.S.A.*,
891 F.2d 533 (5th Cir. 1989) ....................3

*Summit 6 LLC v. Rsch. in Motion Corp.*,
No. 11-cv-367, 2013 WL 12124322 (N.D. Tex. Nov. 26, 2013) ....................13

*Whatley v. AHF Fin. Servs., LLC*,
No. 4:11-Cv-488 2013 WL 4771466 (E.D. Tex. Sept. 5, 2013)....................2

**STATUTES AND RULES**

20 U.S.C. § 1681....................1

28 U.S.C. § 1920....................14, 19

28 U.S.C. § 1920(2) ....................2, 3, 4

28 U.S.C. § 1920(4) ....................2, 12, 13, 14

FED. R. CIV. P. 54(d) ....................2, 19

**OTHER AUTHORITIES**

BLACK'S LAW DICTIONARY 1154 (8th ed. 2004) ....................3

Defendant Southern Methodist University ("SMU") respectfully submits this Memorandum in Support of Bill of Costs in response to the Court's Final Judgment entered on April 29, 2024 (Doc. 180). SMU requests that the Court tax **$221,383.53** against Plaintiffs Jessica Clouse ("Clouse"), Meghan Klein ("Klein"), Lindsay Heyman ("Heyman"), Sydney Severson ("Severson"), Rebekah Tate ("Tate"), Marissa Jennings ("Jennings"), Lauren Moore ("Moore"), and Laura Kade ("Kade"), and, in support thereof, respectfully shows the Court as follows:

## I. INTRODUCTION

Plaintiffs asserted two claims against SMU in their Amended Complaint ("Complaint"): (1) discrimination on the basis of gender in violation of 20 U.S.C. § 1681 ("Title IX"); and (2) negligence. Doc. 15 at ¶¶ 265–76. On February 13, 2023, SMU filed its Motion for Partial Summary Judgment and Brief in Support, arguing Plaintiffs Clouse, Heyman, Klein, Severson, Tate, Jennings, Moore, and Kade's (collectively, the "Dismissed Plaintiffs") negligence and Title IX claims are untimely, and all nine Plaintiffs' Title IX claims fail because Plaintiffs' requested relief is not available under Title IX. *See* Docs. 115–116.

On February 5, 2024, the Court entered its Memorandum Opinion and Order, Doc. 174, granting in part and denying in part SMU's Motion for Partial Summary Judgment. The Court held that "SMU established its statute of limitation defense as a matter of law, and no equitable tolling theory applies to the [Dismissed] Plaintiffs' negligence or Title IX claims." *Id.* at 28. Accordingly, the Court granted summary judgment on all of Clouse, Klein, Heyman, Severson, Tate, Jennings, Moore, and Kade's claims. *Id.*

On April 29, 2024, the Court entered judgment in this case against the Dismissed Plaintiffs and in SMU's favor, dismissing the Dismissed Plaintiffs' claims with prejudice (Doc. 180).

## II. BILL OF COSTS

In light of this Court's final judgment in SMU's favor, SMU respectfully requests the Clerk to tax the following as costs against the Dismissed Plaintiffs:

| Authority | Category of Costs | Cost to SMU |
|---|---|---|
| 28 U.S.C. § 1920(2) | Fee for printed or electronically recorded transcripts | $86,488.47 |
| 28 U.S.C. § 1920(4) | Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $134,895.06 |
| | **TOTAL** | **$221,383.53** |

## III. LEGAL STANDARD

Rule 54(d) of the Federal Rules of Civil Procedure states that costs should be awarded to the prevailing party "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d). A natural reading of Rule 54 is that "a judgment silent about costs is a judgment awarding costs because the district court has not provided otherwise." *Whatley v. AHF Fin. Servs., LLC*, No. 4:11-Cv-488 2013 WL 4771466, at *3 (E.D. Tex. Sept. 5, 2013) (citing *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 544 (5th Cir. 1983)); *see also Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 221 (7th Cir. 1988).

In the Fifth Circuit, prevailing parties are entitled to a **strong** presumption that they will be awarded costs. *See Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). Because of this presumption, a court cannot deny a prevailing party costs without articulating good reason for doing so. *Id.* (internal citations omitted). Further, even if the Dismissed Plaintiffs timely file a notice of appeal of this Court's judgment, SMU is nevertheless the prevailing party and is entitled

to reimbursement of its costs. *See* Black's Law Dictionary 1154 (8th ed. 2004) (defining a prevailing party as "[a] party in whose favor a judgment is rendered"); *Sheets v. Yamaha U.S.A.*, 891 F.2d 533, 539 (5th Cir. 1989) ("We begin by noting that the dismissal of a plaintiff's suit with prejudice is tantamount to a judgment on the merits for the defendants, thereby rendering them the prevailing parties."); *Hoeeler v. Eaton Corp.*, 149 F.3d 621, 626 (7th Cir. 1998) ("[Plaintiff's] claim that [Defendant] cannot be the prevailing party because the case has been appealed is specious; [Defendant] had all claims in the district court resolved in its favor and is the very definition of a prevailing party, regardless of the pendency of this appeal."); *Meisner v. State*, No. 3:97-CV-2616-G, 2000 WL 1693981, at *1 & n.1 (N.D. Tex. Nov. 9, 2000) (taxing costs despite pending appeal). Accordingly, SMU requests that the Court grant SMU, as the prevailing party, costs against the Dismissed Plaintiffs as provided herein.

## IV. ITEMIZATION

### A. Deposition Transcripts and Video Recordings

Pursuant to 28 U.S.C. § 1920(2), SMU seeks reimbursement in the amount of $86,488.47 for deposition transcripts, video recordings, and related deposition exhibits. 28 U.S.C. § 1920(2) allows the recovery of the costs of "printed or electronically recorded transcripts necessarily obtained for use in the case." This encompasses all transcripts and video recordings related to the depositions taken in this litigation, as each of these depositions were "necessarily obtained for use in the case." *Segner as Tr. of PR Liquidating Tr. v. Ruthven Oil & Gas, LLC*, No. 12-cv-1318, 2020 WL 230617, at *2 (N.D. Tex. Jan. 14, 2020) ("Section 1920(2) indisputably authorizes recovery of costs for video recordings of depositions.") (internal citations and quotations omitted). This Court has broad discretion to award costs relating to transcripts. As the Fifth Circuit has made clear, "[w]hether a deposition or copy was necessarily obtained for use in the case is a factual determination within the district court's discretion, and we accord the district court great latitude

in this determination." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (internal citation and quotations omitted).

Costs for both printed transcripts and recorded depositions are justified where the person deposed was outside of subpoena range, or where circumstances of the case have made it appear reasonably necessary, at the time of the deposition, to have a videotape of the deposition. *Leal v. Magic Touch Up, Inc.*, No. 16-cv-00662, 2019 WL 162885, at *4 (N.D. Tex. Jan. 9, 2019) ("Costs for both printed transcripts and videotapes of depositions have also been awarded when the circumstances of the case have made it appear reasonably necessary, at the time of the deposition, to have a videotape of the deposition.") (internal citation omitted); *Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 789–90 (N.D. Tex. 2014) (finding parties are entitled to both printed and electronically-recorded transcripts because "the 2008 amendment to Section 1920(2) apparently was intended to clarify or expand the scope of recoverable costs under the statute"; awarding costs for video depositions of witnesses who, at the time of the depositions, were reasonably expected to be absent from trial, such as when the witnesses were outside the court's subpoena power) (internal citations and quotations omitted).

Accordingly, SMU seeks to tax as costs the transcription costs of all witnesses, including the costs of certain video recordings that it purchased before obtaining summary judgment against the Dismissed Plaintiffs. In a complex case such as this one, the parties understood the trial would take place years after Plaintiffs filed their Original Complaint in January 2018 (Doc. 1). Indeed, discovery in this case involved over forty depositions, testimony from numerous expert witnesses scattered across the country, and the exchange of hundreds of thousands of documents. Consequently, it was reasonably expected that certain witnesses may not be available or otherwise subject to the Court's subpoena power at the time of trial. Accordingly, pursuant to 28 U.S.C. §

1920(2), these costs are taxable against the Dismissed Plaintiffs because SMU is the prevailing party.

SMU incurred necessary costs of $86,488.47 for copies of the depositions set forth below:[1]

| Vendor | Invoice No. | Date | Percent Sought | Prorated Cost | Description | App. |
|---|---|---|---|---|---|---|
| Esquire Deposition Solutions LLC | INV1930797 | 6/2/2021 | 100% | $2,007.10 | Deposition of Jessica Clouse | App. 001 |
| Esquire Deposition Solutions LLC | INV1932335 | 6/3/2021 | 100% | $1,331.95 | Video Deposition of Jessica Clouse | App. 002 |
| Esquire Deposition Solutions LLC | INV2072356 | 12/3/2021 | 89% | $453.46 | Transcript, Exhibits, Condensed Transcript and processing and compliance fees for deposition of Alex Binkowski | App. 003 |
| Esquire Deposition Solutions LLC | INV2074581 | 12/7/2021 | 89% | $95.68 | Synchronized Video of Alex Binkowski | App. 004 |
| Esquire Deposition Solutions LLC | INV2079687 | 12/13/2021 | 100% | $1,845.60 | Copy of Deposition Transcript, Condensed Transcript, and Remote Video Conferencing via Zoom for Laura Kade | App. 005 |

[1] The Court dismissed the eight Dismissed Plaintiffs' claims with prejudice. However, trial on Kelly McGowan's remaining claims is currently set for December 2, 2024. Doc. 181. To the extent any depositions apply equally to all nine Plaintiffs and may be used at Plaintiff McGowan's trial, SMU currently seeks only 8/9 of those costs (89%). SMU reserves its right to seek the additional 1/9 against Plaintiff McGowan in the future. If a deposition applied *only* to the Dismissed Plaintiffs' claims, and not Plaintiff McGowan's claims, SMU is seeking 100% of those costs from the Dismissed Plaintiffs. SMU is currently not seeking reimbursement for the costs associated with the depositions of Plaintiff Kelly McGowan or Lisa McGowan because Plaintiff McGowan remains in the lawsuit. However, SMU reserves its right to seek those costs in the future.

| | | | | | | |
|---|---|---|---|---|---|---|
| Esquire Deposition Solutions LLC | INV2081 236 | 12/15/2021 | 100% | $2,376.95 | Videographer, Synchronized video, and additional hours for the deposition of Laura Kade | App. 006 |
| Esquire Deposition Solutions LLC | INV2089 388 | 12/28/2021 | 89% | $233.71 | Deposition Transcript of George Finney; processing and compliance of same | App. 007 |
| Esquire Deposition Solutions LLC | INV2090 171 | 12/29/2021 | 89% | $64.53 | Synchronized Video and Handling Fee-George Finney | App. 008 |
| Esquire Deposition Solutions LLC | INV2091 740 | 12/30/2021 | 100% | $557.80 | Copy of Deposition Transcript of Recia Schuil Shelton | App. 009 |
| Esquire Deposition Solutions LLC | INV2114 133 | 1/31/2022 | 89% | $967.96 | Deposition transcript of Tabatha Eaton | App. 010 |
| Esquire Deposition Solutions LLC | INV2117 487 | 2/4/2022 | 89% | $189.13 | Tabatha Eaton Synchronized Video | App. 011 |
| Esquire Deposition Solutions LLC | INV2170 142 | 4/11/2022 | 89% | $563.82 | Deposition Transcript and Exhibits of Jessie Marie Hooper | App. 012 |
| Esquire Deposition Solutions LLC | INV2190 841 | 5/4/2022 | 100% | $2,417.78 | Deposition Transcript of Lindsay Heyman | App. 013 |
| Esquire Deposition Solutions LLC | INV2191 812 | 5/5/2022 | 100% | $2,342.83 | Deposition Transcript of Marissa Jennings | App. 014 |
| Esquire Deposition Solutions LLC | INV2191 822 | 5/5/2022 | 100% | $2,700.00 | Video Deposition of Marissa Jennings | App. 015 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Esquire Deposition Solutions LLC | INV2193 031 | 5/6/2022 | 100% | $2,700.00 | Videographer for Lindsay Heyman Deposition | App. 016 |
| Esquire Deposition Solutions LLC | INV2233 487 | 6/29/2022 | 100% | $2,277.30 | Deposition transcript and exhibits for Rebekah Tate | App. 017 |
| Esquire Deposition Solutions LLC | INV2236 629 | 7/5/2022 | 100% | $2,357.40 | Deposition transcript and exhibits for Sydney Severson | App. 018 |
| Esquire Deposition Solutions LLC | INV2242 484 | 7/12/2022 | 100% | $2,560.10 | Deposition Transcript and exhibits for Meghan Klein | App. 019 |
| Esquire Deposition Solutions LLC | INV2243 134 | 7/13/2022 | 100% | $2,645.00 | Videographer minimum and OT with equipment rental for Meghan Klein | App. 020 |
| Esquire Deposition Solutions LLC | INV2248 749 | 7/20/2022 | 100% | $1,026.55 | Deposition transcript and exhibits for Amber Harris (Cortese) | App. 021 |
| Esquire Deposition Solutions LLC | INV2262 026 | 8/4/2022 | 89% | $1,262.40 | Deposition transcript, exhibits, expedited request for Megan Ervin | App. 022 |
| Esquire Deposition Solutions LLC | INV2283 707 | 9/1/2022 | 89% | $1,037.16 | Deposition transcript and exhibits for Doug Wright | App. 023 |
| Esquire Deposition Solutions LLC | INV2286 063 | 9/6/2022 | 100% | $1,840.00 | Videographer minimum and OT with equipment rental for Lauren Moore | App. 024 |
| Esquire Deposition Solutions LLC | INV2288 824 | 9/8/2022 | 100% | $2,383.85 | Deposition transcript and exhibits for Lauren Moore | App. 025 |
| Esquire Deposition Solutions LLC | INV2290 719 | 9/12/2022 | 89% | $1,006.32 | Deposition transcript and exhibits for Michael Morton | App. 026 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Esquire Deposition Solutions LLC | INV2290836 | 9/12/2022 | 89% | $890.18 | Deposition transcript and exhibits for Rhett Brooks | App. 027 |
| Esquire Deposition Solutions LLC | INV2311280 | 10/6/2022 | 89% | $952.97 | Deposition transcript and exhibits for Monique Holland | App. 028 |
| Esquire Deposition Solutions LLC | INV2312180 | 10/7/2022 | 89% | $609.65 | Synchronized video for Monique Holland | App. 029 |
| Esquire Deposition Solutions LLC | INV2313601 | 10/10/2022 | 89% | $129.01 | B&W and Color copies of Exhibits w DVD for Monique Holland | App. 030 |
| Esquire Deposition Solutions LLC | INV2321948 | 10/20/2022 | 89% | $577.92 | Deposition transcript and exhibits for Rick Hart | App. 031 |
| Esquire Deposition Solutions LLC | INV2359526 | 12/8/2022 | 89% | $564.51 | Deposition transcript and exhibits for Josh Stevens | App. 032 |
| Esquire Deposition Solutions LLC | INV2360889 | 12/9/2022 | 89% | $2,129.24 | Deposition transcript and exhibits for Molly O'Connell | App. 033 |
| Esquire Deposition Solutions LLC | INV2361820 | 12/12/2022 | 89% | $1,254.90 | Videographer for Molly O'Connell | App. 034 |
| Esquire Deposition Solutions LLC | INV2366620 | 12/16/2022 | 89% | $1,652.20 | Deposition transcript and exhibits for Moyra Tran | App. 035 |
| Esquire Deposition Solutions LLC | INV2367576 | 12/19/2022 | 89% | $823.25 | Videographer for Moyra Tran | App. 036 |
| Esquire Deposition Solutions LLC | INV2369360 | 12/21/2022 | 89% | $1,597.55 | Videographer for Donna A. Lopiano deposition | App. 037 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Esquire Deposition Solutions LLC | INV2370383 | 12/22/2022 | 89% | $3,601.36 | Deposition and transcript for Donna A. Lopiano | App. 038 |
| Esquire Deposition Solutions LLC | INV2378632 | 1/5/2023 | 100% | $628.05 | Remote video conferencing for Will Tate deposition | App. 039 |
| Esquire Deposition Solutions LLC | INV2378951 | 1/5/2023 | 100% | $375.00 | Synchronized video for Will Tate | App. 040 |
| Esquire Deposition Solutions LLC | INV2383374 | 1/13/2023 | 100% | $751.88 | Deposition transcript for Drew Yoder | App. 041 |
| Esquire Deposition Solutions LLC | INV2383949 | 1/13/2023 | 100% | $107.50 | Synchronized video for Drew Yoder | App. 042 |
| Esquire Deposition Solutions LLC | INV2385873 | 1/18/2023 | 100% | $426.25 | Remote video conferencing for Rance Clouse deposition | App. 043 |
| Esquire Deposition Solutions LLC | INV2385972 | 1/18/2023 | 100% | $894.65 | Transcript, Video, Processing and Compliance for Rance Clouse deposition with OT | App. 044 |
| Esquire Deposition Solutions LLC | INV2388795 | 1/23/2023 | 89% | $726.85 | Transcript of Kyle Conder deposition, Exhibits, DVD, and expedition of same | App. 045 |
| Esquire Deposition Solutions LLC | INV2390410 | 1/24/2023 | 89% | $489.41 | Court reporter fees for Depo Transcript of Brittany Rigg | App. 046 |
| Esquire Deposition Solutions LLC | INV2389774 | 1/24/2023 | 100% | $1,225.50 | Remote video conferencing for Mary Cohen Deposition | App. 047 |
| Esquire Deposition | INV2390873 | 1/25/2023 | 100% | $730.00 | Synchronized video for Mary Cohen | App. 048 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Solutions LLC | | | | | | |
| Esquire Deposition Solutions LLC | INV2395 661 | 1/31/2023 | 100% | $760.00 | Remote video for Brian Jennings and Wiggington | App. 049 |
| Esquire Deposition Solutions LLC | INV2395 750 | 1/31/2023 | 100% | $701.20 | Transcript and Remote Video Conferencing for Michelle Wiggington | App. 050 |
| Esquire Deposition Solutions LLC | INV2395 751 | 1/31/2023 | 100% | $734.65 | Video Transcript for Brian Jennings | App. 051 |
| Esquire Deposition Solutions LLC | INV2400 069 | 2/7/2023 | 89% | $892.14 | Court reporter fees for Depo Transcript of Paige Love | App. 052 |
| Esquire Deposition Solutions LLC | INV2401 186 | 2/8/2023 | 89% | $356.00 | Videographer for deposition of Paige Love | App. 053 |
| Esquire Deposition Solutions LLC | INV2403 155 | 2/9/2023 | 89% | $463.02 | Court reporter fees for deposition of Timothy O'Brien | App. 054 |
| Esquire Deposition Solutions LLC | INV2403 464 | 2/10/2023 | 89% | $229.18 | Videographer fees for deposition of Timothy O'Brien | App. 055 |
| Esquire Deposition Solutions LLC | INV2406 714 | 2/16/2023 | 100% | $461.10 | Transcript for deposition of Lisa M Moore | App. 056 |
| Esquire Deposition Solutions LLC | INV2407 287 | 2/16/2023 | 100% | $280.00 | Remote video for deposition of Lisa M Moore | App. 057 |
| Esquire Deposition Solutions LLC | INV2406 715 | 2/16/2023 | 100% | $436.60 | Transcript for deposition of Jennifer Rostenbach | App. 058 |
| Esquire Deposition | INV2408 351 | 2/17/2023 | 100% | $262.50 | Synchronized video for deposition of | App. 059 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Solutions LLC | | | | | Jennifer Rostenbach | |
| Esquire Deposition Solutions LLC | INV2408 348 | 2/17/2023 | 89% | $1,949.22 | Court reporter fees for deposition transcript of Cody Roberts | App. 060 |
| Esquire Deposition Solutions LLC | INV2409 996 | 2/20/2023 | 89% | $525.10 | Videographer fees for deposition of Cody Roberts | App. 061 |
| Esquire Deposition Solutions LLC | INV2417 945 | 3/1/2023 | 100% | $686.50 | Deposition transcript and video conferencing for Jenny Kade | App. 062 |
| Esquire Deposition Solutions LLC | INV2418 787 | 3/2/2023 | 100% | $375.00 | Video for first two hours and synchronized video and handling fee for Jenny Kade | App. 063 |
| Esquire Deposition Solutions LLC | INV2432 823 | 3/20/2023 | 89% | $12.68 | Copies of exhibits for deposition of Paige Love | App. 064 |
| Esquire Deposition Solutions LLC | INV2537 029 | 7/21/2023 | 89% | $485.14 | Transcript for deposition of Kimberly Cupini | App. 065 |
| Esquire Deposition Solutions LLC | INV2538 881 | 7/25/2023 | 89% | $111.25 | Synchronized video and handling for Kimberly Cupini | App. 066 |
| Esquire Deposition Solutions LLC | SO17921 81 | 12/20/2022 | 89% | $3,429.51 | Transcript and exhibits for deposition of Volker Nolte | App. 067 |
| Esquire Deposition Solutions LLC | INV2234 440 | 6/30/2022 | 100% | $2,700.00 | Videographer for deposition of Rebekah Tate | App. 068 |
| Esquire Deposition Solutions LLC | INV2236 631 | 7/5/2022 | 100% | $2,405.00 | Videographer for deposition of Sydney Severson | App. 069 |
| Esquire Deposition | INV2358 565 | 12/7/2022 | 89% | $1,544.15 | Videographer, equipment rentals, | App. 070 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Solutions LLC | | | | | etc. for Thomas G. Sampson | |
| Esquire Deposition Solutions LLC | INV2369 206 | 1/18/2023 | 89% | $2,162.70 | Pro-01 & 02 Orig Production, Word Index, E-Exhs B&W Orig. for Volker Nolte, Ph.D. | App. 071 |
| Esquire Deposition Solutions LLC | INV2393 096 | 1/27/2023 | 89% | $1,244.31 | Pro-01 & 02 Orig Production, Word Index, Condensed Transcript, Exhibits Flash Drive, E-Exhs Color Orig for Reginald Lynn Gibbs, MS | App. 072 |
| Esquire Deposition Solutions LLC | INV2402 169 | 2/9/2023 | 89% | $1,117.66 | Pro-02 Orig Production, Word Index, Condensed Transcript, E-Exhs B&W Copy, E-Exhs Color Orig, Exhibits DVS for Charles Butt | App. 073 |
| Esquire Deposition Solutions LLC | INV2402 930 | 2/9/2023 | 89% | $1,034.54 | Pro-02 Orig Production, Word Index, Condensed Transcript, E-Exhs B&W Copy, E-Exhs Color Orig for Thomas Michael Roney | App. 074 |
| Esquire Deposition Solutions | INV2379 763 | 1/6/2023 | 89% | $141.73 | Copies of Deposition Exhibits for Sampson | App. 075 |
| Esquire Deposition Solutions | INV2441 020 | 3/30/2023 | 89% | $605.38 | Copy of Deposition Transcript for Thompson | App. 076 |
| **<u>TOTAL</u>** = **$86,488.47** | | | | | | |

**B. Fees for Exemplification and Copies**

SMU also seeks reimbursement in the amount of $134,895.06 for copies and the exemplification of copies.[2] 28 U.S.C. § 1920(4) provides for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." SMU is entitled to costs for two categories of copying: (1) costs relating to the electronic scanning of documents that comprised the discovery record; and (2) costs relating to making copies that were necessarily obtained for use in this case.

It is well settled that electronic discovery costs are reimbursable. Indeed, courts in the Fifth Circuit have the discretion to award electronic discovery costs when they are necessarily incurred in litigation. *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 132 (5th Cir. 2015) (affirming award of electronic discovery costs because "§ 1920 allowed for the award of these costs and that they were necessarily incurred"); *Summit 6 LLC v. Rsch. in Motion Corp.*, No. 11-cv-367, 2013 WL 12124322, at *4 (N.D. Tex. Nov. 26, 2013) ("The scanning of documents and the conversion of files is generally recognized as the equivalent of 'making copies' under Section 1920.") (internal citation and quotation omitted); *Fast Memory Erase, LLC v. Spansion, Inc.*, No. 10-cv-048, 2010 WL 5093945, at *5 (N.D. Tex. Nov. 10, 2010), report and recommendation adopted, No. 10-cv-0481, 2010 WL 5093944 (N.D. Tex. Dec. 13, 2010), aff'd sub nom. *Fast Memory Erase, LLC v. Intel Corp.*, 423 F. App'x 991 (Fed. Cir. 2011) ("Recent decisions accounting for technological advances in document storage and retrieval have recognized that electronic scanning and imaging of paper documents is the modern-day equivalent of 'exemplification and copies' of paper. Thus, courts have allowed a prevailing party to recover the

[2] Because the Court has dismissed only the eight Dismissed Plaintiffs, SMU seeks only to recover 8/9 (89%) of the recoverable costs for copies and the exemplification of copies. The full amount of SMU's recoverable costs under 28 U.S.C. § 1920(4) is $151,567.48. SMU reserves its right to seek the remaining $16,672.42 from McGowan in the future.

costs of converting paper documents into electronic files where the parties agreed that responsive documents would be produced in an electronic format.") (internal citations omitted); *United States ex rel. King v. Solvay S.A.*, No. 06-cv-2662, 2016 WL 3523873, at *16 (S.D. Tex. June 28, 2016), aff'd sub nom. *United States ex rel King v. Solvay Pharms., Inc.*, 871 F.3d 318 (5th Cir. 2017) (affirming trial court's ruling that recovery of electronic discovery costs was "allowable because using the database allowed the prevailing party to save costs by not printing the documents").

SMU's use of an electronic database in this case resulted in significant efficiencies and cost savings to the parties. For example, without the use of an electronic database, SMU would have needed to print **<u>hundred of thousands</u>** of individual pages of documents and mail them to Plaintiff's counsel in California. Accordingly, SMU should recover processing and reproduction costs necessarily incurred in the course of discovery, as conducting electronic discovery in this manner streamlined voluminous discovery that occurred over the span of 5 years, preserved the resources of counsel for Plaintiffs, counsel for SMU, and the Court, and significantly lowered other costs the parties would have otherwise incurred if SMU printed, stored, and shipped physical copies of all documents. Indeed, the Northern District of Texas has expressly recognized that electronic imaging of documents is the modern equivalent of making copies. *Rundus v. City of Dallas*, No. 3-06-CV-1823-BD, 2009 WL 3614519, at *3 (N.D. Tex. Nov. 2, 2009) (citing *Brown v. McGraw-Hill Cos., Inc.*, 526 F. Supp. 2d 950, 959 (N.D. Iowa 2007) (providing that "electronic scanning of documents is the modern-day equivalent of 'exemplification and copies of paper,' and therefore, can be taxed pursuant to § 1920(4).")). As a result, SMU's electronic discovery costs relating to imaging, uploading, and converting documents and data into an electronic database are properly recoverable under Section 1920 as "[f]ees for exemplification." *See id.*

Notably, SMU seeks reimbursement for only a fraction of its electronic discovery costs. Since the inception of this case, SMU incurred over $600,000 in costs related to its electronic discovery database. However, SMU does not seek reimbursement for hosting fees, professional fees, or other e-discovery fees that do constitute exemplification of copies. Instead, SMU limits its fee request to only reimbursement costs that fit squarely within 28 U.S.C. § 1920(4), including the scanning, conversion, and loading of documents into its electronic database. In addition, SMU seeks related costs that were necessary to load and review documents into its database and then produce such documents to Plaintiffs, including the costs to retrieve and convert forensic information and text messages from witnesses' cell phones, the collection and conversion of witnesses' private email accounts, the collection and conversion of witnesses' social media accounts, and the "blurring" of photographs that included pictures of other students, minors and/or third parties who were not involved in this lawsuit.

Accordingly, SMU seeks partial reimbursement for the electronic discovery costs it incurred in this litigation, in addition to the costs for actual copies it obtained for use in this case. SMU requests that the costs set forth below be taxed against the Dismissed Plaintiffs in the amount of $134,895.06:

| Vendor | Invoice No. | Date Paid | Cost | Cost Type | App. |
|---|---|---|---|---|---|
| Ankura Consulting Group, LLC | 1000004675 | 9/30/2019 | $78,719.94 | E-discovery - Processing, conversion, OCR, endorsing | App. 077-83 |
| Ankura Consulting Group, LLC | 1000005288 | 10/31/2019 | $32,687.89 | E-discovery - Processing, conversion, OCR, endorsing | App. 084-88 |
| Ankura Consulting Group, LLC | CI-006575 | 4/23/2020 | $4,973.16 | E-discovery - Processing, conversion, OCR, endorsing | App. 89-92 |

| | | | | | |
|---|---|---|---|---|---|
| Ankura Consulting Group, LLC | CI-010764 | 6/17/2020 | $499.17 | E-discovery - Processing, conversion, OCR, endorsing | App. 93-97 |
| Ankura Consulting Group, LLC | CI-014379 | 8/19/2020 | $130.17 | E-discovery - Processing, conversion, OCR, endorsing | App. 98-103 |
| Ankura Consulting Group, LLC | CI-016512 | 8/25/2020 | $1,234.06 | E-discovery - Processing, conversion, OCR, endorsing | App. 104-08 |
| Ankura Consulting Group, LLC | CI-018286 | 10/17/2020 | $82.50 | E-discovery - Processing, conversion, OCR, endorsing | App. 109-14 |
| Ankura Consulting Group, LLC | CI-020114 | 11/19/2020 | $417.60 | E-discovery - Processing, conversion, OCR, endorsing | App. 115-20 |
| Ankura Consulting Group, LLC | CI-021294 | 12/11/2020 | $15.83 | E-discovery - Processing, conversion, OCR, endorsing | App. 121-27 |
| Ankura Consulting Group, LLC | CI-023431 | 1/10/2021 | $569.80 | E-discovery - Processing, conversion, OCR, endorsing | App. 128-33 |
| Ankura Consulting Group, LLC | CI-037098 | 8/15/2021 | $1,035.25 | E-discovery - Processing, conversion, OCR, endorsing | App. 134-40 |
| Ankura Consulting Group, LLC | CI-039518 | 9/22/2021 | $931.79 | E-discovery - Processing, conversion, OCR, endorsing | App. 141-45 |
| Ankura Consulting Group, LLC | CI-040859 | 10/15/2021 | $1,063.10 | E-discovery - Processing, conversion, OCR, endorsing | App. 146-51 |
| Ankura Consulting Group, LLC | CI-042648 | 11/12/2021 | $486.69 | E-discovery - Processing, conversion, OCR, endorsing | App. 152-57 |

| | | | | | |
|---|---|---|---|---|---|
| Ankura Consulting Group, LLC | CI-049323 | 2/18/2022 | $400.00 | E-discovery - Processing, conversion, OCR, endorsing | App. 158-63 |
| Ankura Consulting Group, LLC | CI-050787 | 3/10/2022 | $679.65 | E-discovery - Processing, conversion, OCR, endorsing | App. 164-70 |
| Ankura Consulting Group, LLC | CI-055776 | 5/18/2022 | $605.29 | E-discovery - Processing, conversion, OCR, endorsing | App. 171-76 |
| Ankura Consulting Group, LLC | CI-057657 | 6/15/2022 | $73.12 | E-discovery - Processing, conversion, OCR, endorsing | App. 177-82 |
| Ankura Consulting Group, LLC | CI-059704 | 7/14/2022 | $4,507.50 | E-discovery - Processing, conversion, OCR, endorsing | App. 183-90 |
| Ankura Consulting Group, LLC | CI-061590 | 8/13/2022 | $3,622.06 | E-discovery - Processing, conversion, OCR, endorsing | App. 191-97 |
| Ankura Consulting Group, LLC | CI-065487 | 10/12/2022 | $605.35 | E-discovery - Processing, conversion, OCR, endorsing | App. 198-203 |
| Ankura Consulting Group, LLC | CI-090370 | 9/8/2023 | $870.75 | E-discovery - Processing, conversion, OCR, endorsing | App. 204-209 |
| 2nd Chair Trial Support, LLC | 0551 | 1/29/2021 | $1,559.00 | E-discovery - Blurring of photos | App. 210 |
| Cobra Legal Solutions LLC (dba Digital Discovery LLC) | 8277 | 7/31/2023 | $2,956.31 | E-discovery - Collection of social media accts & forensic services | App. 211-13 |
| Cobra Legal Solutions LLC (dba Digital | DD5675 | 7/31/2022 | $1,274.10 | E-discovery - Computer forensic services for | App. 214-16 |

| | | | | | |
|---|---|---|---|---|---|
| Discovery LLC) | | | | collection of cell phone data | |
| Cobra Legal Solutions LLC (dba Digital Discovery LLC) | DD5648 | 6/30/2022 | $1,781.41 | E-discovery - Extraction of Ervin's text messages for production | App. 217-19 |
| Cobra Legal Solutions LLC (dba Digital Discovery LLC) | DD5369 | 1/31/2022 | $6,637.89 | E-discovery - Forensic collection from 3 computers | App. 220-22 |
| Cobra Legal Solutions LLC (dba Digital Discovery LLC) | 6444 | 11/30/2022 | $668.98 | E-discovery - Collection of email/cloud storage | App. 223-25 |
| Platinum IDS, LLC | 63265 | 4/10/2019 | $622.92 | Lit Supp - B&W Scan, Renaming PDFs, Blowback w/clips, etc. | App. 226 |
| Platinum IDS, LLC | 72533 | 4/28/2022 | $445.03 | Lit Supp - B&W Scan, Load File Cust., Archival Storage, etc. | App. 227 |
| Platinum IDS, LLC | 74064 | 11/21/2022 | $476.80 | Lit Supp - B&W Scan, Load File Cus., Archival Storage, etc. | App. 228 |
| Platinum IDS, LLC | 76005 | 7/24/2023 | $484.62 | Lit Supp - B&W & Color Scans, Load File Cust. Archival Storage. | App. 229 |
| Veritext LLC dba UPCHURCH WATSON WHITE & MAX | 80686 | 1/28/2020 | $359.36 | Certified Copies | App. 230 |
| Falcon Document Solutions | 65951 | 1/12/2023 | $41.68 | Copies of Color Prints (314) | App. 231 |

| | | | | | |
|---|---|---|---|---|---|
| Falcon Document Solutions | 66270 | 2/14/2023 | $48.71 | Copy of DVD Recording of Jennings imaging for Byrd | App. 232 |
| **TOTAL** = $151,567.48 X 0.89 = | | | | | **$134,895.06** |

## V. CONCLUSION

The Court granted summary judgment in favor of SMU and against the Dismissed Plaintiffs, and it dismissed each of the Dismissed Plaintiffs' claims against SMU with prejudice. Accordingly, SMU is the prevailing party in this lawsuit, and it is entitled to its costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. For the foregoing reasons, SMU respectfully requests that it be reimbursed a total of **$221,383.53** in costs, as well as any additional costs and fees this Court finds that SMU is justly entitled.

Dated: May 13, 2024

Respectfully submitted,

*/s/ Kimberly F. Williams*
Kimberly F. Williams
State Bar No. 24050592
kwilliams@omm.com
**O'MELVENY & MEYERS LLP**
2501 N. Harwood Street, 17th Floor
Dallas, Texas 75201
(972) 360-1900 (Telephone)
(972) 360-1901 (Telecopier)

~and~

*/s/ Robin G. Shaughnessy*
Robin G. Shaughnessy
State Bar No. 24012713
rshaughnessy@lockelord.com
Jennifer M. McCoy
State Bar No. 24089805
jennifer.mccoy@lockelord.com
Aaron S. Nava
State Bar No. 24134375
aaron.nava@lockelord.com
**LOCKE LORD LLP**

2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopier)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent via ECF electronic service, on May 13, 2024, to the following counsel of record:

Sheila P. Haddock
Alexander S. Zalkin
Irwin M. Zalkin
The Zalkin Law Firm
12555 High Bluff Drive, Ste. 301
San Diego, CA 92130
sheila@zalkin.com
alex@zalkin.com
Irwin@zalkin.com

*/s/ Robin G. Shaughnessy*
Counsel for Defendant