IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY MCGOWAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-00141-N |
| | § | |
| SOUTHERN METHODIST UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Southern Methodist University's ("SMU") motion for bill of costs [182] and Plaintiffs' objections to SMU's bill of costs [186]. Because SMU has not met its burden of establishing the necessity of all of the costs it requests, the Court sustains Plaintiffs' objections in part, and grants in part and denies in part SMU's motion. The Court reduces the court costs taxed against Plaintiffs as outlined in this Order, and awards SMU a total of $184,033.11 in costs.

### I. THE BILL OF COSTS DISPUTE

At the time of filing, Plaintiffs were nine former SMU student athletes who brought suit against Defendant SMU after suffering hip injuries incurred while Plaintiffs were members of SMU's women-only rowing team. Pls.' Second Am. Compl. 2 [33]. Plaintiffs alleged that SMU discriminated against female athletes in the way it allocated its funding and resources, in violation of Title IX (20 U.S.C. § 1681). Pls.' Second Am. Compl. 51–

MEMORANDUM OPINION & ORDER – PAGE 1

52. Plaintiffs further claimed that SMU was negligent because it provided inferior resources to its female rowers, including incompetent coaching, substandard medical treatment, and limited access to qualified training personnel. Pls.' Second Am. Compl. 52–54. Plaintiffs alleged that such inadequate treatment and incompetent coaching caused Plaintiffs to suffer the same type of hip injury.

The Court previously granted SMU's motion for summary judgment on all claims brought by Plaintiffs Jessica Clouse, Lindsay Heyman, Meghan Klein, Sydney Severson, Rebekah Tate, Marissa Jennings, Lauren Moore, and Laura Kade, as well as remaining Plaintiff Kelly McGowan's claims for pain and suffering, emotional and psychological harm, and loss of quality of life under Title IX (20 U.S.C. § 1681). *See* Order (February 5, 2024) [174]. Subsequently, the Court entered a Rule 54(b) final judgment on those Plaintiff's claims. Plaintiff McGowan's negligence claim and Title IX claim for compensatory damages for medical expenses for physical injury and loss of educational opportunities and benefits remain. SMU filed its bill of costs seeking $221,383.53 in costs. Bill of Costs 1. Plaintiffs object to SMU's costs.

## II. Rule 54(d) Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that costs shall be awarded to a prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d). 28 U.S.C. § 1920 defines the "costs" courts may award as:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily

obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Whether something was "necessarily obtained for use in the case is a factual determination to be made by the district court." *Fogelman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Prevailing parties bear the burden of establishing necessity. *Id.* Nonetheless, if the nonprevailing party does not object to a specific cost or fee, the Court will presume the cost is reasonable. *See, e.g.*, *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 384 (5th Cir. 2012) ("[T]here is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs."); *Interstate Contracting Corp. v. City of Dallas*, 2002 WL 236676, at *2 (N.D. Tex. Jan. 31, 2002) ("Plaintiff, as the prevailing party, is presumptively entitled to its costs and Defendant, as the non-prevailing party, bears the burden of overcoming the presumption.").

### III. THE COURT GRANTS IN PART AND DENIES IN PART TIME SMU'S REQUESTED COSTS

The Court finds that SMU is a prevailing party under Rule 54(d). *See U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir. 2015) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985), (noting that "'a dismissal with prejudice is tantamount to a judgment on the merits' and renders a defendant the prevailing party for the purpose of allocating costs"). SMU provided categorized lists of its costs, a declaration detailing the relevance and necessity of those costs,[1] and invoices substantiating its

---

[1] Plaintiffs filed no opposition to SMU's motion for leave to file an appendix with its Reply [188]. The Court grants SMU's motion to file an appendix with its Reply and

MEMORANDUM OPINION & ORDER – PAGE 3

requests. Def.'s App. [184]. The Court finds that SMU has carried its burden of showing the necessity of some of its costs, but not all of its requested costs.

### A. Deposition-Related Costs

SMU asks the Court to award it $86,488.47[2] for "the transcription costs of all witnesses, including the costs of certain video recordings that it purchased before obtaining summary judgment against the Dismissed Plaintiffs." Def.'s Br. in Supp. 4 [183]. Courts may tax deposition costs if the prevailing party shows that "all or any part [of the deposition] was necessarily obtained for use in the case." *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1553 (5th Cir. 1984) (citations and internal quotations omitted). "A deposition is necessarily obtained for use in the case '[i]f, at the time the deposition was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery.'" *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 429 (5th Cir. 2010) (quoting *Fogelman*, 920 F.2d at 285) (alteration in original). Accordingly, "as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). Plaintiffs object to an award of "incidental costs" related to depositions, lump sum costs, costs associated with remote

---

considers the Declaration of SMU's counsel, Robin G. Shaughnessy [190], in deciding the instant bill of costs motion.

[2] SMU specifies that this figure accounts for 100% of the costs of depositions related to only dismissed Plaintiffs' claims and 89% of the costs of depositions that were relevant to all Plaintiffs' claims, and thus may still be used at Plaintiff McGowan's trial. *See* Def.'s Br. in Supp. 5–12. It reserves its right to seek the final 11% of the costs of depositions after the disposition of Plaintiff McGowan's claims. *Id.* at 5, n.3.

MEMORANDUM OPINION & ORDER – PAGE 4

depositions, costs of video depositions, videographer fees, and synchronization costs on the ground the costs were for convenience, rather than necessarily incurred for use in this case. The Court addresses each of Plaintiffs' objections in turn.

*1. "Incidental" Deposition Costs.* – Plaintiffs object to transcript costs that are vaguely labeled, as well as to the specific costs labeled "Exhibits (including B&W, Color, Tabs, Flash Drive, DVD and CD-Rom); Handling Fee; Processing and Compliance; and Expedite fees." Pls.' Obj. 5. The Court overrules Plaintiffs' objections to costs necessarily incurred in obtaining a deposition transcript — the costs of deposition transcripts, handling, processing, and compliance fees necessary to obtain those transcripts, and black and white exhibits used in those depositions — but otherwise sustains Plaintiffs' objections.

Plaintiffs' first objection involves SMU's deposition transcript costs being itemized via "lump sum" package pricing. In response, SMU highlights that it submitted itemized invoices with its bill of costs which included the transcripts and other associated costs. Def.'s Reply 7 [189]. While the invoices are itemized, the line items regarding the actual deposition transcript costs are not. The transcript costs listed on the invoice are labeled in the following format: "TRANSCRIPT–COPY-VC-VID-WI" and "TRANSCRIPT–O&1-VID-VC-WI." A deposition transcript and a copy are taxable costs, *Leal v. Magic Touch Up, Inc.*, 2019 WL 162885, at *2 (N.D. Tex. 2019), but SMU has failed to explain what the abbreviations included the transcript line items at issue refer to, or that all costs

MEMORANDUM OPINION & ORDER – PAGE 5

encompassed by these invoice items were necessarily incurred for use in this case rather than for convenience.

Even so, after considering SMU's arguments, the Court is satisfied that the depositions "'could reasonably be expected to be used for trial preparation, rather than merely for discovery.'" *Marmillion*, 381 F. App'x at 429 (quoting *Fogelman*, 920 F.2d at 285). Because SMU "has shown that it needed the depositions, and the court is not precluded from awarding costs without an itemized invoice[s]," the Court declines to reduce the fee for deposition transcripts entirely. *United States ex rel. King v. Solvay S.A.*, 2016 WL 3523873, at *5 (S.D. Tex. 2016), *aff'd sub nom.*, 871 F.3d 318 (5th Cir. 2017). Instead, the Court reduces the award of all costs labeled "TRANSCRIPT-COPY-VC-VID-WI" or "TRANSCRIPT–O&1-VID-VC-WI" by twenty-five percent. *See King*, 2016 WL 3523873, at *5 (reducing costs of non-itemized deposition transcript invoices by twenty-five percent); *see also Aircraft Holding Sols., LLC v. Learjet, Inc.*, 2022 WL 1505861, at *8 (N.D. Tex. 2022) (reducing taxable costs by half upon a finding that defendant was "unable to identify what the charges labeled 'TRANSCRIPT-COPY-VC-VID-WI' are for, and therefore ha[d] failed to meet its burden to show the necessity and amount of its costs."). Because the Court finds that SMU is entitled to costs of deposition transcripts, and SMU explained that the processing, compliance, and handling costs were necessary to obtain the deposition transcripts, rather than costs of "add-ons," the Court overrules Plaintiffs' objection to processing, compliance, and handling costs.

The Court likewise overrules Plaintiffs' objection to black and white exhibits used in depositions, but otherwise sustains Plaintiffs' objections to the costs of exhibits. Courts

MEMORANDUM OPINION & ORDER – PAGE 6

have allowed recovery of the costs of exhibits associated with depositions when such depositions were reasonably expected to be used at trial or in trial preparation. *See Anderson v. Siemens Med. Sys., Inc.*, 2002 WL 199878, at *5 (N.D. Tex. 2002); *see also Spear Mktg., Inc. v. Bancorpsouth Bank,* 2016 WL 193586, at *15 (N.D. Tex. 2016), *aff'd*, 844 F.3d 464 (5th Cir. 2016) (finding that a party may recover the costs of deposition exhibits where they were reasonable expenses necessary for preparation of the case). SMU has shown that deposition exhibits were reasonably expected to be, and were, used in trial preparation and motion practice in this case. *See* Def.'s Reply 6–7. Accordingly, SMU's requested costs for black and white exhibits are recoverable as necessarily incurred. However, it is well recognized that "incidental costs like shipping, binding, and tabbing are generally not taxable, as these costs are not listed in [section] 1920," and incurred merely for convenience. *U.S. ex rel. Long.*, 807 F.3d at 133. The Court denies all other exhibit costs, including costs of color copies, DVD's, CD's, flash drives, and tabs, as incidental and incurred for the convenience of counsel.

The Court sustains Plaintiffs' objection to expedite fees. The Fifth Circuit has held that "a copy of a deposition obtained on an expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *Id.* at 132 (internal quotation omitted). SMU has not demonstrated that the Court approved an expedited fee for any deposition transcript, and while SMU argues that at least one of these expedited fees was necessary because of an impending mediation deadline, it has not explained why it could not have sought to schedule depositions at times that would not require expedited transcripts.

MEMORANDUM OPINION & ORDER – PAGE 7

Consequently, the Court finds that the expedited fees were incurred for the convenience of counsel and were not necessary to the case.

**2. *Remote Deposition Costs.*** – The Court sustains Plaintiffs' objections to the following costs associated with conducting remote depositions: "ON SITE RESOURCE & ZOOM," "EQUIP RENTAL – LAPTOP/IPAD," "REMOTE VIDEO," and "REMOTE VIDEO CONFERENCING – ZOOM." "The 'Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary.'" *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir.2010) (quoting *Cook Children's Medical Center v. The New England PPO Plan of General Consolidation Management Inc.*, 491 F.3d 266, 274 (5th Cir. 2007)). The Court finds persuasive that other courts have declined to read the costs of remote depositions into the costs listed in section 1920. *See e.g., Aircraft Holding Sols., LLC*, 2022 WL 1505861, at *8 (""[I]t is difficult to see where such costs would fit within § 1920 considering that they are fees incurred for a remote platform to conduct a deposition, not fees for an electronically recorded transcript or printed transcript."). Accordingly, the Court determines fees associated with the remote nature of depositions are not taxable under section 1920.

**3. *Video Deposition Costs.*** – The Court overrules Plaintiffs' general objection to the costs of video depositions. Plaintiffs object to all video deposition costs on the ground that SMU could not require both printed transcripts and videos of depositions. Prior to 2008, the Fifth Circuit held that the costs of video depositions were not compensable. *See, e.g., Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529–30 (5th Cir. 2001)

MEMORANDUM OPINION & ORDER – PAGE 8

(citing cases). After the Judicial Administration and Technical Amendments Act of 2008 amended section 1920(2) to its current form, however, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in [a] case" have been recoverable. Pub. L. No. 110-406, 122 Stat. 4291, 4292; *see S & D Trading Acad., LLC v. AAFIS Inc.*, 336 Fed.Appx. 443, 450–51 (5th Cir. 2009) (unpub.) (noting change in statutory text); *Beauty Mfg. Solutions Corp. v. Ashland, Inc.*, 2012 WL 4341814, at *8 (N.D. Tex. 2012), report and recommendation adopted, 2012 WL 4354935 (N.D. Tex. 2012) ("Costs of video depositions are also recoverable under § 1920(2)."). *But see Riojas v. E. W. Exp., Inc.*, 2012 WL 678182, at *3 (N.D. Tex. 2012) (citing pre-2008 statute). Given the plain text of section 1920(2) in its current form, the Court concludes that costs of video depositions are generally compensable.

Notably, the Fifth Circuit has not decided the issue of when both video and written transcripts of a deposition can be recovered in a given case. *See U.S. ex rel. Long*, 807 F.3d at 131. District courts in this Circuit disagree on the issue. Some district courts refuse to "award costs for both transcripts and videos unless the videos were actually used at trial." *Two–Way Media, LLC v. AT&T Servs., Inc.*, 2013 WL 12090356 (W.D. Tex. 2013); *see also Arnold v. Allied Van Lines, Inc.*, 2024 WL 3063113, at *4 (W.D. Tex. 2024). Other district courts award "costs for both the stenographic transcript and video recording of the same depositions in a case, so long as both were reasonably obtained for use in the case." *Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 786 (N.D. Tex. 2014); *see also Cox v. Waste Mgmt. of Texas, Inc.*, 2013 WL 690849, at *2 (S.D. Tex. 2013); *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 805 (E.D. Tex. 2012), *aff'd sub nom. Eolas Techs.*

MEMORANDUM OPINION & ORDER – PAGE 9

*Inc. v. Amazon.com, Inc.*, 521 F. App'x 928 (Fed. Cir. 2013).  This Court finds the latter cases persuasive.  In particular, the Court finds the logic of the court in *Kozlowski v. Buck*, 2022 WL 22608241, at *3 (S.D. Tex. 2022), compelling.  The *Kozlowski* court reasoned that video depositions "were necessarily obtained for use in the case, as [the] case turned on the credibility of witnesses, both fact and expert. To claim otherwise because the defendants prevailed at the summary-judgment stage instead of at trial would be an absurdity."  The Court analyzes Plaintiffs' objections to video deposition costs by determining whether the videos were necessarily obtained for use in this case.

SMU has demonstrated that the video depositions were necessarily obtained for use in this case.  SMU states it "seeks costs associated with the video recording of the depositions of 26 witnesses – all of whom . . . were expected to be outside of subpoena range at the time of trial, and/or not within the control of SMU."  Def.'s Reply 9.  SMU utilized the depositions of each Plaintiff and several other fact and expert witnesses in its motion for summary judgment.  Moreover, SMU's attorney testified that each deposition SMU seeks reimbursement for "was and/or was intended for use in motion practice and/or trial in this case."  Def.'s Reply, App. 001, ¶ 3 [190].  Accordingly, SMU has met its burden to show that at the time the depositions were taken, "the recordings could reasonably be expected to be used during trial or for trial preparation, rather than for the mere convenience of counsel or discovery."  *Segner as Tr. of PR Liquidating Tr. v. Ruthven Oil & Gas, LLC*, 2020 WL 230617, at *3 (N.D. Tex. 2020); *see also Leal*, 2019 WL 162885, at *4 ("Costs for both printed transcripts and videotapes of depositions have also been awarded when the circumstances of the case have made it appear reasonably necessary, at the time of the

MEMORANDUM OPINION & ORDER – PAGE 10

deposition, to have a videotape of the deposition.") (internal citation omitted). The Court overrules Plaintiffs' generalized objection to these costs.

*4. Videographer Fees.* – The Court sustains Plaintiffs' objection to the cost of videographer overtime, but otherwise overrules Plaintiffs' objections to costs associated with videography. "Videographer fees are recoverable, but the party seeking costs for such fees must show that the videography services were necessarily obtained for use in the case." *Kozlowski*, 2022 WL 22608241, at *3 (citing *Bernardy v. Shriners Hosp. for Child., Inc.*, 2022 WL 1694184, at *3 (S.D. Tex. 2022). Because the Court determined that video depositions were necessarily obtained for use in this case, and videography was necessary to obtain a video deposition, it follows that the costs of videography were likewise necessarily incurred for use in the case. However, with respect to the videography overtime costs, "Videographer Additional Hours Overtime," SMU provided no explanation to meet its burden of showing that the overtime was necessary to the case, rather than for the convenience of counsel. Consequently, SMU may recover the costs of "Videographer Minimum," and "Videographer Additional Hours," but the Court denies costs for "Videographer Additional Hours Overtime."

*5. Synchronization Costs.* – The Court overrules Plaintiffs' objections to synchronization costs. As previously stated, SMU has met its burden of establishing that video depositions were necessarily obtained for use in this case. Plaintiffs argue that the costs of synchronizing video depositions are not taxable under section 1920. While some district courts have found costs of video synchronization unrecoverable under this section, *see e.g., Harris v. Dallas Cnty. Hosp.*, 2016 WL 8674685, at *4 (N.D. Tex. 2016), the

MEMORANDUM OPINION & ORDER – PAGE 11

balance of courts in this district have determined that "video synchonization [sic] charges are also allowable as necessary costs." *Beauty Mfg. Sols. Corp.*, 2012 WL 4341814, at *8; *accord Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, 2015 WL 12696493, at *4 (N.D. Tex. 2015); *Antero Res. Corp. v. C&R Downhole Drilling*, 2022 WL 21697287, at *2 (N.D. Tex. 2022). The Court is persuaded by the latter authorities, and notes that many of the video depositions SMU obtained were delivered in a synchronized format. *See* Def.'s Br. in Supp. 5–12. The Court awards SMU the costs of synchronized video depositions.

In accordance with the parameters set forth above, the Court reduces SMU's requested fees under section 1920(2) by $29,460.41. The Court awards SMU $57,028.06[3] for depositions and transcripts.

### B. Copies and Exemplification Fees

SMU asks the Court to award it $134,895.06[4] for copies and exemplification of copies. Def.'s Br. in Supp. 13. Plaintiffs object to all costs SMU requests as either outside the scope of section 1920(4) or, alternatively, as incurred for convenience, rather than necessarily incurred for use in this case. The Court addresses each of Plaintiffs' objections in turn.

---

[3] The Court reached this figure by deducting costs the Court denied from SMU's requested costs and multiplying by 0.89 for categories in which SMU seeks only 89 percent of these costs. *See* n.2, *supra*.

[4] SMU specifies that this figure accounts for and 89% of the costs of copies and exemplification. It reserves its right to seek the final 11% of the costs from McGowan upon disposition of her claims. Def.'s Br. in Supp. 5, n.2.

MEMORANDUM OPINION & ORDER – PAGE 12

**6. Electronic Discovery Costs.** – The Court awards electronic discovery costs only to the extent that they properly constitute "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Accordingly, the Court overrules Plaintiffs' objections to the costs of scanning and conversion of documents for use in this case but sustains Plaintiffs' objections to the costs of data extraction, collection, and processing.

Some electronic discovery costs are taxable, but "[c]ourts have not uniformly addressed which electronic discovery costs are recoverable under the most recent version of § 1920(4)." *U.S. ex rel. Long*, 807 F.3d at 131–32. SMU describes its electronic discovery costs as "the scanning, conversion, and loading of documents into its electronic database," as well as "related costs that were necessary to load and review documents into its database and then produce such documents to Plaintiffs," including retrieval and conversion of forensic information from text messages, emails, and social media. Def.'s Br. in Supp. 15; *see* Def.'s App 077–225. Plaintiffs argue that none of SMU's electronic discovery costs constitute "copying," or alternatively that such costs were not necessarily obtained for use in this case. Pls.' Obj. 8.

The costs of electronic discovery processes that are the equivalent of copying and were necessarily obtained for use in this case are recoverable under section 1920(4). *See Gonzales v. Pan Am. Lab'ys, L.L.C.*, 2018 WL 2321896, at *7 (N.D. Tex. 2018), *report and recommendation adopted*, 2018 WL 2317749 (N.D. Tex. 2018). Courts in this district have recognized that scanning documents is roughly equivalent to copying paper documents, and thus costs of scanning documents are recoverable under section 1920(4).

MEMORANDUM OPINION & ORDER – PAGE 13

*Rundus v. City of Dallas*, 2009 WL 3614519, at *3 (N.D. Tex. 2009), *amended*, 2009 WL 9047529 (N.D. Tex. 2009), *aff'd sub nom.*, 634 F.3d 309 (5th Cir. 2011), and *aff'd in part sub nom.* 634 F.3d 309 (5th Cir. 2011); *Eolas Techs. Inc.*, 891 F. Supp. 2d at 806. SMU may recover the costs of scanning documents into an electronic format.

Moreover, when parties agree to produce documents in an electronic format, the costs of converting documents into that format fit within the meaning of section 1920(4). *See Fast Memory Erase, LLC v. Spansion, Inc.*, 2010 WL 5093945, at *5 (N.D. Tex. 2010), *report and recommendation adopted*, 2010 WL 5093944 (N.D. Tex. 2010), *aff'd sub nom. Fast Memory Erase, LLC v. Intel Corp.*, 423 F. App'x 991 (Fed. Cir. 2011) ("[C]ourts have allowed a prevailing party to recover the costs of converting paper documents into electronic files where the parties agreed that responsive documents would be produced in an electronic format." (internal citations omitted)); *Rundus*, 2009 WL 3614519, at *3 (noting "the established principle that documents requested by an opposing party in discovery are 'necessarily obtained' for purposes of awarding costs to the prevailing party"). Here, SMU explained that Plaintiffs requested responsive documents in production be produced in TIFF or OCR format. Def.'s Reply 11. Consequently, SMU may recover OCR and TIFF conversion costs.

In contrast, costs associated with extraction, collection, processing, and storage of electronic discovery or documents are generally not recoverable under section 1920(4) because these costs do not equate or relate to copying. *See Eolas Techs. Inc.*, 891 F. Supp. 2d at 806 (stating that section 1920(4) "is not so broad as to cover general electronic discovery costs that precede copying or scanning of materials . . . . [C]osts for document

MEMORANDUM OPINION & ORDER – PAGE 14

collection, processing, and hosting are not permitted"). SMU does not request costs of maintaining the electronic database or storage. However, it does request costs for certain forensic data collection, extraction, blurring photos, and unspecified data processing costs of "native processing," "pre-process filtering," and "production processing." *See* Def.'s App. 077–232. As noted above, the costs of collection or extraction of discoverable information are not taxable. Moreover, the processing costs at issue are vaguely labeled with no explanation as to what the differing processing processes entail or why they were necessarily used in this case. SMU argues that these costs are recoverable because electronic processing and storage was more efficient and less expensive than conducting discovery with physical documents over the course of this case. However, that electronic discovery was more convenient to counsel is not sufficient to warrant awarding costs under section 1920. The Court sustains Plaintiffs' objections to SMU's processing costs. Accordingly, SMU may not recover the costs of blurring photos or any data collection, extraction, or processing.

In sum, the Court awards SMU only the electronic discovery costs related to scanning of documents into electronic format to be used in the case and OCR and TIFF conversion costs incurred to respond to Plaintiffs' discovery requests. The Court denies all other costs.

*7. "Lit Supp" Costs. –* The Court overrules Plaintiffs' objections to the costs of scanning and OCR conversion, but otherwise sustains Plaintiffs' objections to "Lit Supp." costs. Def.'s App. 226–29. Plaintiffs contend that SMU has not provided enough explanation for the Court to find that these costs were necessarily incurred for this case.

MEMORANDUM OPINION & ORDER – PAGE 15

Pls.' Obj. 10.  In response, SMU explained that the costs were for scanning and conversion of handwritten notes and documents by SMU rowing coaches, extracting text messages, and converting flash drives and photographs from SMU rowing coaches to use in this case and respond to Plaintiffs' discovery requests.  Def.'s Reply 11.  Additionally, SMU provided a declaration of one of its attorneys specifying the costs incurred for each invoice associated with costs labeled "Lit Supp." and stating that the costs were necessary to comply with discovery requests or intended for use in motion practice or trial.  Def.'s Reply App. 002.  For the reasons noted above, the costs of scanning documents are recoverable under section 1920(4), but the costs of data extraction and storage are not.  Moreover, the costs of OCR conversion are recoverable here given the parties agreement to produce discovery in that format.  Consequently, the Court finds that the costs of scanning and OCR conversion were necessarily incurred and awards those costs but denies costs of data extraction or storage.

  ***8. Costs of Copies.*** – The Court sustains Plaintiffs' objection to the costs for "Certified Copies," "Copies of Color Prints," and "Copy of DVD," Def.'s App. 230–32, because SMU failed to establish that the copies were necessary for use in this case.  Costs of photocopies necessarily obtained for use in the litigation are recoverable upon proof of necessity.  28 U.S.C. § 1920(4); *see also Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).  However, charges for multiple copies of documents are not taxable as costs.  *Fogelman*, 920 F.2d at 286.  The prevailing party need not "identify every xerox copy made for use in the course of legal proceedings."  *Id.*  Here however, there has been no effort to differentiate which portion of the copy costs were made for necessary use in

MEMORANDUM OPINION & ORDER – PAGE 16

litigation and which were mere duplication for attorney convenience. Accordingly, the Court denies the copy costs. *See Gonzales*, 2018 WL 2321896, at *3 ("[W]hile many of the photocopies here may have been necessarily incurred, without more information, the Court cannot discern which copies were necessary and which were not.").

In accordance with the parameters set forth above, the Court reduces SMU's requested fees under section 1920(4) by $7,890.01. The Court awards SMU $127,005.05[5] for exemplification and copies.

### C. The Court Declines to Exercise its Discretion to Refuse Costs

Lastly, Plaintiffs argue that this Court should exercise its discretion to decline to award costs, citing to the Fifth Circuit's opinion in *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing several factors used by courts to determine whether to exercise discretion to decline to award costs but not endorsing any of those factors). Although Plaintiffs clearly brought this suit in good faith, they have not demonstrated that any of those factors outweigh the strong presumption in favor of awarding fees to the prevailing party. *Marmillion*, 381 F. App'x at 429 (stating that the nonprevailing party bears the burden of proving that discretion is warranted). Consequently, the Court declines to exercise is discretion to refuse costs.

---

[5] The Court reached this figure by deducting costs the Court denied from SMU's requested costs, and multiplying by 0.89, as SMU seeks only 89 percent of these costs at this time. *See* n.4, *supra*.

MEMORANDUM OPINION & ORDER – PAGE 17

## CONCLUSION

The Court sustains in part and overrules in part Plaintiffs' objections to SMU's bill of costs to the extent outlined in this Order. The Court awards SMU a total of $184,033.11 in costs.

Signed August 20, 2024.

                                                      David C. Godbey
                                       Chief United States District Judge